426 So.2d 1275 (1983)
Stephen C.S. HU, As Personal Representative of the Estate of Lih Chun Chen, Deceased, Appellant,
v.
Thomas William CROCKETT, the Lerio Corporation, the Hertz Corporation, Travelers Indemnity Company, Chee Fai Hor, Lim Yeang Sing, and Goodville Mutual Casualty Company, Appellees.
No. AM-435.
District Court of Appeal of Florida, First District.
February 16, 1983.
*1276 Donald H. Partington and Dennis K. Larry of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellant.
Thomas F. Condon of Emmanuel, Shepard & Condon, Pensacola, for appellees Thomas William Crockett, The Lerio Corp., The Hertz Corp. and Travelers Indemnity Co.
No appearance for appellees Chee Fai Hor, Lim Yeang Sing and Goodville Mutual Cas. Co.
ERVIN, Judge.
In this interlocutory appeal, appellant, plaintiff below, asks us to determine that the lower court abused its discretion in ordering that, pursuant to Section 47.122, Florida Statutes (1981),[1] venue be changed in a wrongful death action from Escambia to Walton County. Such determinations are usually committed to the sound discretion of a trial court, although this discretion is not unbridled.[2] Because we find substantial competent evidence to support the lower court's determination, we affirm.
Lih Chun Chen, the decedent, left South Florida in a car owned by appellee Chee Fai Hor of Lawrence, Kansas. The car was insured by appellee Goodville Mutual Insurance Company, and driven by appellee Lim Yeang Sing, also of Lawrence, Kansas. Appellee Tom Crockett of Kissimmee, Florida, departed central Florida driving a truck for his employer, appellee The Lerio Corporation of Mobile, Alabama. The truck had been leased from The Hertz Corporation and was insured by Travelers Insurance Company, whose principal office for investigation of this case is in Escambia County. The truck and car were involved in a collision on interstate highway-10 (I-10) near DeFuniak Springs in Walton County.
Florida Highway Patrol troopers and Walton County Sheriff's Deputies arrived on the scene, rendering first aid and preparing accident reports. All of these law enforcement *1277 officers reside in either Okaloosa or Walton County. Sing, the car driver, and another passenger, Chee Fai Hor, were both hospitalized in Escambia County. An autopsy of Chen's body was conducted in Okaloosa or Walton County. The remains of the car were towed by a Walton County wrecker operator to his business location in DeFuniak Springs.
Stephen C.S. Hu (of Pensacola), as personal representative of the Chen estate, filed this wrongful death action in his home county of Escambia. Defendants and appellees Crockett, The Lerio Corporation, Hertz and Travelers Indemnity Company moved for a change of venue based on Section 47.122, Florida Statutes. Crockett was deposed, and various admissions were submitted by the parties reflecting the foregoing facts. The plaintiff also submitted documents revealing that he would call a Pensacola accident investigator and a Lerio Corporation representative, a resident of Mobile, Alabama, as witnesses. The record reflects that the attorneys for all of the parties herein are located in Escambia County.
Our initial review of this case suggested that an affirmance of the court's order directing a change of venue to Walton County would be necessary, because no record of the hearing was presented on appeal. Consequently, we would not have known the complete factual setting presented to the lower court, nor would we have had any way of determining whether the lower court misapplied the law. Because the lower court's determination is clothed with a presumption of correctness, we would have been required to affirm. Barnett Bank of Tallahassee v. Applegate, 377 So.2d 1150 (Fla. 1979). On our own motion we afforded the appellant an opportunity to submit a transcript of the motion hearing or a stipulated statement of the proceedings. See Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982); Fla.R.App.P. 9.200(b)(3), (e), (f)(2).
Both the appellants in this case and in Starks elected to submit a stipulated statement of the proceedings. Fla.R.App.P. 9.200(b)(3). However, we distinguish the statement presented in this case from the Starks statement, which we found to be deficient. In the case at bar the statement was prepared by appellant, stipulated to by counsel for the appellees, and approved by the lower court. The statement at bar reflects that the various admissions, a memorandum of law, and a deposition in the court file were presented to the court; that certain specifically cited cases were orally argued to the court by the parties; that no live testimony by witnesses was presented; and that no court reporter was present. The statement summarizes the argument of the defense and comments made by the lower court in granting the change of venue. Specifically, the lower court was concerned about the inconvenience to witnesses in the Walton County area of having to travel to Pensacola for a trial, if venue in Escambia County was retained. Counsel for the respective parties are commended in their efforts to supplement a deficient record by their stipulations.
With a proper substitute for a transcript of the hearing before us and knowledge of the basis for the lower court's determination, we affirm. Section 47.122, Florida Statutes, states that venue may be changed, based on three considerations, including: (1) the convenience of the parties; (2) the convenience of the witnesses; or (3) in the interest of justice. Because these three considerations are in the disjunctive,[3] it appears to us that in very special circumstances venue could be changed based on any one of the foregoing criteria,[4] but Florida case law indicates that courts will routinely scrutinize *1278 each of the factors. Further, in so doing it is also proper to consult federal case law deciding cases under the parallel and virtually identical federal venue provision embodied in 28 U.S.C. § 1404(a). Federal case law is highly persuasive, because Section 47.122, Florida Statutes, is apparently modeled after the federal provision.[5] This court has previously observed:
If a Florida statute is patterned after a federal law on the same subject, it will take the same construction in the Florida courts as its prototype has been given in the federal courts insofar as such construction is harmonious with the spirit and policy of Florida legislation on the subject.
Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108, 116 (Fla. 1st DCA 1977); see also Hall v. Oakley, 409 So.2d 93, 97 (Fla. 1st DCA 1982).
Turning to the first factor, that of convenience of the parties, the record suggests that Escambia County is a much more appropriate forum than Walton County. None of the parties resides in or near Walton County. Defendant and appellee Travelers' principal office having responsibility over this claim is in Pensacola. Defendant/Appellee Lerio Corporation is located in Mobile and obviously much closer to Pensacola than Walton County. The other defendants/appellees live in either Kissimmee near Orlando or in Kansas. These individuals, if they are to be at trial, most likely would find it easier to obtain transportation into Pensacola rather than Walton County.
Further, the plaintiff/appellant filed this action in Escambia County. Appellant would argue that this is a key consideration favoring his forum selection. Such an argument stems from case law that reflects the United States Supreme Court's landmark decision explicating the common law doctrine of forum non conveniens. In Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), the Court stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." One year later, 28 U.S.C. Section 1404(a) was enacted, later prompting the Court in Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955), to comment that this section is far broader than the common law doctrine. It is more of a revision of the doctrine than a codification of the doctrine. See also Piper Aircraft Co. v. Reyno, 454 U.S. 252, 102 S.Ct. 252, 265, 70 L.Ed.2d 419, 434 (1981), reh. denied, 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1982). This is because a court, in determining the propriety of a venue change, can also consider the convenience of the witnesses and interests of justice, which are factors not contingent upon the plaintiff's choice of forum. See Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp., 87 F.R.D. 398, 401 (W.D.N.Y. 1980).
Plainly, this has lessened the significance of the plaintiff's forum selection as a factor of over-riding importance. Coats Co. v. Vulcan Equipment Co., 459 F. Supp. 654, 656 (N.D.Ill. 1978). Unfortunately, many courts and practitioners seem to continue to view the plaintiff's forum selection as "the" paramount consideration, which it is not. See 15 Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 3848 (1976). Nevertheless, a plaintiff's forum selection is a "meaningful consideration" in determining the convenience of the parties. Poncy v. Johnson & Johnson, 414 F. Supp. 551, 553 (S.D.Fla. 1976). It is a decision that is presumptively correct, and the burden is clearly upon the party challenging the plaintiff's venue selection to demonstrate *1279 the impropriety of that selection. Bassett v. Talquin Electric Cooperative, Inc., 362 So.2d 357, 358 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979).
The propriety of the plaintiff's choice of forum is further bolstered in cases, such as the case at bar, wherein the plaintiff seeks to litigate a suit in his home community. Hyde Construction Co. v. Koehring Co., 321 F. Supp. 1193, 1212 (S.D.Miss. 1969). Similarly, if the evidence suggests that a plaintiff has without good reason purposefully avoided litigating a suit on his "home turf," the weight accorded his forum selection is weakened. Clopay Corp. v. Newell Companies, Inc., 527 F. Supp. 733 (D.Del. 1981); Haeberle v. Texas International Airlines, 497 F. Supp. 1294 (E.D.Pa. 1980). Thus, the convenience of the parties in the case at bar is clearly served by maintenance of this suit in Escambia County.
The second factor, convenience of the witnesses, suggests that Walton County is the more appropriate forum. The convenience of the witnesses is probably the single most important consideration of the three statutory factors. American Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 262 (W.D.Mo. 1980). This is based on the perception that material witnesses should be located near the courtroom to permit live testimony. Coats Co., at 657-658; Poncy. In order for a court to consider the convenience of the witnesses, the court must know who the witnesses are and the significance of their testimony.
The court would need this information to ascertain whether a particular witness' testimony is material. Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2nd Cir.1978), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); American Standard, Inc. v. Bendix Corp., at 262-263; Bussey v. Safeway Stores, Inc., 437 F. Supp. 41 (E.D.Okl. 1977). Second, the court might desire to have this information in an effort to locate the trial in a forum most convenient to the greatest number of key witnesses, since the quality of testimony by a key witness may well outweigh the quantity of testimony by a number of witnesses testifying to relatively unimportant matters. Bartolacci v. Corp. of Presiding Bishop, 476 F. Supp. 381, 383 (E.D.Pa. 1979); Paul Allison, Inc. v. Minikin Storage of Omaha, 436 F. Supp. 444, 445 (W.D.Okla. 1976). Therefore, it is apparent that the witnesses who will be called, especially the key witnesses, should be specified with a general statement as to the nature of their testimony. Factors Etc., at 218; American Standard, at 262-263.
The record in this case consists primarily of the pleadings, requests to admit, and admissions of the parties. The plaintiff/appellant noted in documents submitted to the lower court that one witness from Pensacola will testify as to taillight filaments and one witness from Mobile will be called, but it is unclear what the basis of the witness' testimony will be. He has also referred to a third individual as residing in Pensacola, but he does not clearly indicate whether this person will be a witness. Thus, the record identifies only two individuals who will definitely be witnesses for the plaintiff, both of whom reside in Pensacola or much nearer to Pensacola than Walton County. It is unclear what the significance of their testimony is.
On the other hand, the defendant/appellees have stated that there are six witnesses who were present at the accident scene immediately following the accident; that these witnesses will present testimony which "will be critical on the issue of liability"  the key issue in this case; that these witnesses include two tow truck operators, both residents of Walton County, who removed the wrecked vehicles from the accident scene; that one of the two truck operators has custody of the wrecked vehicle in which the decedent was riding; that two of the witnesses are Walton County sheriff's deputies who were at the scene; that two highway patrol troopers, one of whom is the homicide investigator, were at the scene; *1280 that one is assigned to Walton and Okaloosa Counties, while the other is a resident of Walton County; and that all of these individuals will be witnesses at the trial. Finally, it was asserted that the rescue unit personnel and the medical staff at Walton County General Hospital would be likely witnesses at the trial.
It is apparent that there is substantial competent evidence from which the lower court could have ascertained that the greater number of witnesses are located in the Walton County area. Further, these witnesses are apparently very important witnesses, according to the allegations in appellees' motion for change of venue. Thus, the most important factor under Section 47.122  convenience of the witnesses  weighs heavily in favor of a change of venue.
Appellant responds that this factor should not be weighed heavily in favor of a change of venue, because it has not been shown that the witnesses would be inconvenienced by trying the case in Pensacola. Appellant supports his argument by relying on Ashland Oil, Inc. v. Florida Department of Transportation, 352 So.2d 567 (Fla. 2d DCA 1977), for the view that a substantial inconvenience to the witnesses would have to be shown. A close reading of Ashland Oil reveals that court merged the two statutory factors of convenience of the parties and convenience of the witnesses into one consideration. The Ashland Oil court then engrafted the requirement of showing that a "substantial inconvenience or undue expense to the parties will result," if venue is not changed. Id. at 569.
In all due respect to the Ashland Oil court's determination, we believe that federal case law and reasoning implicit in the venue opinions by various Florida courts suggest that the Ashland decision placed an improper gloss upon the statute by merging considerations of convenience of the parties or witnesses into one factor. Regardless, however, the appellant's argument that Ashland Oil requires a showing of substantial inconvenience to the witnesses fails. By the literal wording of Ashland Oil, it is the substantial inconvenience or undue expense to the parties that matters.[6]
The third factor, that of the interests of justice, is a catch-all consideration including many considerations, and in some close cases this factor may be determinative. Bergman v. Brainin, 512 F. Supp. 972, 974 (D.Del. 1981). One consideration is the convenience of the attorneys which is usually accorded very little, if any, weight. Sypert v. Miner, 266 F.2d 196, 199 (7th Cir.1959), cert. denied, 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74 (1959); see Austin v. Johns-Manville Corp., 524 F. Supp. 1166 (E.D.Pa. 1981); American Standard, at 264; Poncy, at 558. In this case all of the attorneys maintain their offices in Pensacola.
Other considerations include but are not limited to the avoidance of a crowded court docket and the imposition of jury duty on an uninvolved community. Cargill, Inc. v. Hartford Accident and Indemnity Co., 531 F. Supp. 710 (D.Minn. 1982); Lee v. Hunt, 410 F. Supp. 329, 335 (M.D.La. 1976); Peterson, Howell & Heather v. O'Neill, 314 So.2d 808, 810 (Fla. 3rd DCA 1975). No evidence was submitted as to the condition of the court docket, although it is clear that Walton County is the situs of this action.
Without more, weighing the convenience of the attorneys (a factor favoring the appellant's forum selection) against the desire *1281 to avoid imposing jury duty on an uninvolved community (a factor supporting the appellees' venue change), the interests of justice probably would neither disfavor nor require a venue change, because the counties are so close to each other. The counties are approximately fifty miles apart,[7] connected by I-10,[8] and both counties are located in the first judicial circuit.
As a general rule, whether or not the venue of a trial should be changed is one within the sound discretion of the trial court, and absent a demonstration of an abuse of that discretion, the lower court's determination will not be overturned on appeal. Hughes Supply, Inc. v. Pearl, 403 So.2d 614, 615 (Fla. 3d DCA 1981); Bassett, at 359; Gaboury v. Flagler Hospital, Inc., 316 So.2d 642, 645 (Fla. 4th DCA 1975). We note with interest one court's relatively recent observations:
The decision on choice of venue is ordinarily a matter within the district court's discretion, not to be overturned except on a very strong showing. Where the lower court's discretion is arrived at by balancing numerous factors such as the convenience of parties and witnesses, availability of documents, possibilities of consolidation or coordination, and so forth, there will often be no single right answer. Appellate review, therefore, is properly limited in the ordinary case because it serves little purpose, other than delay, to engage in a de novo consideration of such an inherently indeterminate decision.
Condex Corp. v. Milgo Electronic Corp., 553 F.2d 735, 737 (1st Cir.1977), cert. denied, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977).
Perhaps if the original decision in this case were ours to make, we would have denied the motion to change venue, because the factual scenario at bar presents a close case, which no doubt required close consideration by the lower court. However, the original decision was not ours to make and was resolved by the lower court in favor of a venue change. An abuse of the lower court's discretion not having been shown, the determination to change venue is AFFIRMED, and this case is REMANDED for further proceedings.
MILLS and WIGGINTON, JJ., concur.
NOTES
[1] Change of venue; convenience of parties or witnesses or in the interest of justice.
 For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
[2] Hughes Supply, Inc. v. Pearl, 403 So.2d 614 (Fla. 4th DCA 1981); Taylor v. Dasilva, 401 So.2d 1161 (Fla. 3d DCA 1981).
[3] See Telophase Society of Fla., Inc. v. State Bd. of Funeral Directors & Embalmers, 334 So.2d 563, 566-567 (Fla. 1976); McKenzie Tank Lines, Inc. v. McCauley, 418 So.2d 1177, 1179 (Fla. 1st DCA 1982).
[4] We neither confront this issue nor foreclose a future argument on this basis. But cf. Ashland Oil, Inc. v. Florida Dept. of Transportation, 352 So.2d 567, 569 (Fla. 2d DCA 1977) and compare Houchins v. Florida East Coast Ry. Co., 388 So.2d 1287, 1291 n. 7 (Fla. 4th DCA 1980).
[5] Legislative history of the two statutes indicates that the Florida provision was enacted in 1969 by Chapter 69-83, § 1, Laws of Florida, while the federal provision predated it by 21 years. See Ch. 646, 62 Stat. 937 (1948).
[6] Whether the Ashland Oil requirement of showing a substantial inconvenience to the parties is the proper standard to be used in considering a Section 47.122, Florida Statutes, venue change is a question we needn't reach. We do observe that the literal wording of the statute permits a change of venue "for the convenience of the parties" and says nothing about requiring a showing of an in convenience to the parties, much less a substantial inconvenience to the parties. We suspect this language may have its source in judicial notions that historically show great favoritism to the plaintiff's choice of forum. What better way to accord overwhelming favoritism to a plaintiff's forum selection than to place a burden of proof on the defendant seeking a venue change that is very high, in fact virtually insurmountable?
[7] See Lee v. Ohio Casualty Ins. Co., 445 F. Supp. 189 (D.Del. 1978) (60 miles separate locations); Leesona Corp. v. Duplan Corp., 317 F. Supp. 290 (D.R.I. 1970); 15 Federal Practice & Procedure: Jurisdiction, supra, § 3854 at 299 n. 31.
[8] Bassett v. Talquin Electric Coop., Inc.