WARNER, Judge.
We reverse the order of the trial court denying appellant’s motion for change of venue for forum non conveniens as being untimely made.
Appellant had originally asserted the inconvenient forum issue as an affirmative defense in its answer. It then filed a motion for change of venue after discovery revealed the number of witnesses (29) in Pinellas County, the site of the accident involved in this case. The appellant set the motion for hearing at the earliest available hearing date some three months later. After the motion was first filed but prior to hearing the motion, the court set the case for trial. An amendment to the motion was filed subsequent to the case being set for trial. The appellant moved for continuance of the trial both because of counsel’s unavailability for trial and because the vem ue motion had not yet been heard. The court granted the continuance. However, when the motion for change of venue was finally heard the court denied the motion not on the merits but because the court felt it was untimely, being heard only two months prior to the trial.
We agree with the Federal cases which hold that there is no hard and fast rule regarding when a motion for change of venue for forum non conveniens may be brought. Essex Crane Rental Corp. v. Vic Kirsch Construction Co., 486 F.Supp. 529 (S.D.N.Y.1980); American Standard, Inc. v. Bendix Corp., 487 F.Supp. 254 (W.D.Mo.1980). In both of those cases transfers were approved even though made two years and four years, respectively, from the time of commencement of the action.
Whether or not venue should be changed is a matter within the sound discretion of the trial court and will not be reversed absent a showing of an abuse of that discretion. Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1988). However, here the defendant sufficiently raised the issue of inconvenient forum in its answer and filed a motion for change of venue after discovery but prior to the case being set for trial. It was an abuse of discretion for the trial court to deny the motion solely because of untimeliness when the only cause of the delay in hearing the motion was the trial court’s own congested motion calendar. While the timing of the motion may be one factor to consider, the trial court in this case refused to consider the other factors or to rule on the merits of the motion.
We are not ignoring the tremendous pressure placed upon the trial courts by the crush of cases and the time standards for disposition adopted by the Supreme Court. Nevertheless, the rush to disposition should never prevent the court from hearing meritorious and timely raised issues by the litigants.[1] We therefore reverse and *784 remand for reconsideration of the motion on its merits.
ANSTEAD and GLICKSTEIN, JJ., concur.

. We would note that this case had been pending only slightly over a year when the court heard this motion.