POLEN, J.
 

 In these appeals which have been consolidated for our review, appellants, Michelin North America, Inc. and Ford Motor Company, appeal the trial court’s non-final orders denying their motions to transfer venue for forum non conveniens. We hold that the trial court did not abuse its discretion in denying the motions and affirm.
 

 In the underlying action, appellee, Sheila James as personal representative of the estate of Tatyana Allen, filed a complaint against numerous defendants, including Michelin and Ford, for negligence and strict liability after Tatyana was killed in a car accident. The accident involved a rented Ford van which was being used to transport a dance team from Broward County, Florida, to Alabama for a competition and which carried Tatyana as a passenger. Around 12:00 a.m., as the vehicle was travelling one mile south of Lake City, Florida, the van suffered a tire blowout and rolled over. Tatyana was ejected from the vehicle and died as a result of her injuries.
 

 Upon the filing of the complaint in Bro-ward County, Ford and Michelin each filed a motion to transfer venue seeking transfer to Columbia County pursuant to section 47.122, Florida Statutes (2007), on grounds of forum non conveniens. Both Ford and Michelin argued that transfer was proper because there was a substantial, logical connection to Columbia County. Specifically, they contended the accident occurred in Columbia County, and the most significant witnesses in the case resided in Columbia County including law enforcement officers, emergency medical personnel, the eyewitness whose vehicle struck Tatyana after she was thrown from the van, the medical staff at Lake City Medical Center where the other passengers were treated, the Medical Examiner who performed the autopsy on Tatyana, and the towing company which towed the subject vehicle following the accident.
 

 James opposed the motions pointing out that eight of the other passengers in the vehicle were eyewitnesses to the accident and resided in Broward County; the driver of the vehicle, Gary Bolt, was named as a defendant and resided in Broward County; Tatyana was a resident of Broward County at the time of her death and Tatya-na’s mother resided in Broward County; and the subject vehicle was rented in Bro-ward County. The trial court found that Ford and Michelin had not met their burden of overcoming the deference to which James’ choice of forum was entitled and denied the motions to transfer venue.
 

 A trial court’s denial of a motion to transfer venue pursuant to section 47.122, Florida Statutes, is reviewed for an abuse of discretion.
 
 Vitale v. Vitale,
 
 994 So.2d 1242, 1243 (Fla. 4th DCA 2008). Section 47.122 provides:
 

 For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
 

 § 47.122, Fla. Stat. (2007). Thus, there are three statutory factors a court considers in determining whether to grant a motion pursuant to section 47.122:(1) the convenience of the parties; (2) the conven
 
 *93
 
 ience of the witnesses; and (3) the interest of justice.
 
 Hu v. Crockett,
 
 426 So.2d 1275, 1277-78 (Fla. 1st DCA 1983).
 

 The determination of the present case hinges on the second consideration, the convenience of the witnesses. The convenience of the witnesses is “probably the single most important consideration of the three statutory factors” because material witnesses should be located near the forum to allow for live testimony.
 
 Hu,
 
 426 So.2d at 1279. Here, the court must evaluate who the prospective witnesses are and the significance of their testimony.
 
 Id.
 

 Ford and Michelin liken the facts of the present case to those in
 
 Hu.
 
 In
 
 Hu,
 
 the personal representative of the decedent who had died in a vehicle accident which occurred in Walton County brought a wrongful death action in Escambia County. 426 So.2d at 1276-77. The trial court granted defendants’ motions to transfer venue to Walton County, and
 
 Hu
 
 appealed. In examining the convenience of the witnesses, the court explained that Hu could identify only two witnesses who would testify and who resided in Escambia County, and it was unclear what their testimony would be.
 
 Id.
 
 at 1279. Defendants identified six witnesses present at the accident scene immediately following the accident who would testify regarding liability, the key issue in the case: two tow truck drivers, one of whom had custody of the wrecked vehicle, two Walton County Sheriffs deputies who responded to the scene, and two highway patrol troopers, one of whom was the homicide investigator.
 
 Id.
 
 at 1279-80. Rescue staff personnel and medical staff at a Walton County hospital were also identified as potential witnesses.
 
 Id.
 
 at 1280.
 

 Based on the foregoing, the Second District concluded its analysis of the second factor:
 

 It is apparent that there is substantial competent evidence from which the lower court could have ascertained that the greater number of witnesses are located in the Walton County area. Further, these witnesses are apparently very important witnesses, according to the allegations in appellees’ motion for change of venue. Thus, the most important factor under Section 47.122-convenience of the witnesses-weighs heavily in favor of a change of venue.
 

 Id.
 

 The present case is distinguishable from
 
 Hu.
 
 First, plaintiff has identified nine eyewitnesses who were in the vehicle at the time of the accident and were the only individuals to actually witness the accident. Second, the subject van was rented in Bro-ward County and kept and maintained in Dade County.
 

 Third, and most importantly, whereas
 
 Hu
 
 involved the collision of two vehicles which resulted in plaintiffs death, making liability a key issue, the present case involves a tire blowout which allegedly caused the vehicle to flip and Tatyana to be ejected and killed. In
 
 Hu,
 
 the testimony of the individuals who responded to the scene was more crucial than in the present case because their testimony would help determine liability between the vehicle in which decedent was a passenger and the other vehicle — a key issue in that case. Here, the material allegations of the complaint involve a potential manufacturing defect in the tire, a design defect in the van, and negligent maintenance of the van. Thus, the determination of liability in the present case will turn primarily on expert testimony. The testimony of the public servants who responded to the scene of the accident or the lay people who witnessed the accident is less important. Ford and Michelin have not suggested that their experts would be inconvenienced by a trial in
 
 *94
 
 Broward County. On these facts, we cannot say the trial court abused its discretion in denying the motions to transfer venue for forum non conveniens.
 

 Affirmed.
 

 GROSS, C.J., and STEVENSON, J., concur.