MAY, J.
 

 Location, location, location — the defendants appeal an order denying their motion to transfer venue of a vehicular accident case based upon the doctrine of forum non conveniens. They argue the
 
 *1164
 
 trial court abused its discretion in denying the motion. We agree and reverse.
 

 Two wrongful death actions arose out of a vehicular accident that occurred in Sarasota County. The plaintiff in this case is the personal representative and parent of the front seat passenger. The vehicle was owned by the plaintiff and driven by another decedent, whose personal representative has sued the defendants in a separate action. The passengers in the vehicle included the plaintiffs daughter and her minor children. All occupants were residents of Port Charlotte, Charlotte County, Florida.
 

 The driver was on Interstate 75 in Sarasota County when the accident occurred. According to the Florida Traffic Crash Report, the driver lost control of the vehicle when its left rear tire tread belt separated and he overcorrected to the right. The vehicle overturned, ejecting the driver and front seat passenger, who were not wearing seatbelts. The three minors in the vehicle were secured by child restraints or a seatbelt, and sustained “non-incapacitating” injuries. The driver was pronounced dead at the scene by Sarasota County paramedics, and the passenger was airlifted to a Tampa-area hospital where she died. The passenger’s estate is being probated in Charlotte County.
 

 The driver’s personal representative brought a negligence and products liability action in Palm Beach County. In that case, the trial court granted the defendants’ motions to transfer venue to Sarasota County. The plaintiff retained a Bro-ward County lawyer, who filed this action alleging products liability and negligence claims against the defendants. The complaint also alleged a negligence claim against the driver’s personal representative.
 

 The defendants filed motions to transfer venue, pursuant to section 47.122, Florida Statutes (2009).
 
 [1]
 
 In support of the motions, the defendants established:
 

 (1) The accident occurred in Sarasota County.
 

 (2) The decedent and her children were residents of Port Charlotte, Charlotte County, which is adjacent to Sarasota County.
 

 (B) The driver was a resident of Port Charlotte, Charlotte County, before his death.
 

 (4) The vehicle and tire were “maintained and garaged” in Hillsbor-ough County, Florida, to the north of Sarasota County.
 

 (5) The decedent’s estate is pending in probate court in Charlotte County.
 

 (6) Two eyewitnesses to the accident live and work in Bradenton, Manatee County, which is the county just north of Sarasota County.
 

 (7) The three Florida Highway Patrol (FHP) officers who investigated the accident are all stationed in Sarasota County.
 

 (8) An EMT with the Sarasota County Fire Department, who responded to the crash, is stationed in Sarasota County.
 

 (9) A paramedic in the Sarasota County Paramedics, who responded to the crash, is stationed in Sarasota County.
 

 (10) The decedent was airlifted to a nearby hospital where she received medical care before her death.
 

 Affidavits from two eyewitnesses, three investigating FHP officers, the EMT, and
 
 *1165
 
 the paramedic were filed in support of the motions. Each affidavit explained that it would be expensive and greatly inconvenient for the witness to travel for court proceedings in Broward County.
 

 In response, the plaintiff submitted one last minute affidavit, executed in New York, stating that she was a resident of Broward County at the time of the accident. Notwithstanding the affidavit, her complaint alleged that at all material times she was a resident of Hillsborough County.
 

 The plaintiff argued that one of the defendants (Pep Boys) sold the allegedly defective tire from a Broward County store, the vehicle may have been purchased in Broward, and the vehicle and tire were now stored in Palm Beach County.
 
 [2]
 
 The trial court conducted a hearing, reviewed the parties’ submissions, and denied the motions without explanation. This led to the current appeals, which we consolidated.
 

 The defendants collectively argue the trial court abused its discretion in denying the motions to transfer venue where, as here, a vehicular accident has occurred, and most of the witnesses are located in a county other than the forum county. The plaintiff responds that the trial court correctly decided the issue because the defendants failed to meet their burden of proof and reasonable minds could differ as to whether a trial in Broward County would be a serious inconvenience to the most important witnesses, the experts.
 

 This Court reviews “orders denying motions to transfer venue for an abuse of discretion.”
 
 Tomac of Fla., Inc. v. Gunn’s Quality Glass & Mirror, Inc.,
 
 17 So.3d 320, 321 (Fla. 4th DCA 2009).
 

 Section 47.122 governs the transfer of venue from one Florida county to another on the basis of forum non conveniens. “For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.” § 47.122, Fla. Stat. (2009). “[Tjhere are three statutory factors a court considers in determining whether to grant a motion pursuant to section 47.122:(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice.”
 
 Ford Motor Co. v. James,
 
 33 So.3d 91, 92-93 (Fla. 4th DCA 2010).
 

 Of the three factors, “[tjhe convenience of the witnesses is probably the single most important consideration of the three statutory factors.”
 
 Hu v. Crockett,
 
 426 So.2d 1275, 1279 (Fla. 1st DCA 1983). The plaintiffs forum selection is no longer the “factor of over-riding importance.”
 
 Id.
 
 at 1278.
 

 The third factor, that of the interests of justice, is a catch-all consideration including many considerations, and in some close cases this factor may be determinative. One consideration is the convenience of the attorneys which is usually accorded very little, if any, weight....
 

 Other considerations include but are not limited to the avoidance of a crowded court docket and the imposition of jury duty on an uninvolved community.
 

 Id.
 
 at 1280 (citations omitted).
 

 Reviewing the three factors can lead to but one conclusion — the case should be tried in Sarasota County. First, while the personal representative is the actual party, the decedent and her children resided in Charlotte County at the time of her death. The affidavit filed by the personal representative merely indicated that
 
 *1166
 
 at the time of the accident, she resided in Broward County. The complaint actually alleged the plaintiff had resided in Hills-borough County at all material times. All the defendants have requested the case be transferred to Sarasota County.
 

 Second, the material "witnesses to the accident and the resulting injuries were the FHP, EMT, and paramedics, all of whom reside in Sarasota County. Only employees of defendant Pep Boys worked in Broward County, and that defendant also supports the transfer. The fact that the vehicle and tire are currently being stored in nearby Palm Beach County is a non-issue as both had to be transported from Sarasota County to Palm Beach County after the accident.
 

 The last factor — the interest of justice— also weighs in favor of Sarasota County. The driver’s wrongful death action has already been transferred to Sarasota County. Broward County’s connections to the case are that the plaintiffs attorney is from there and the tire had been sold and installed there. Broward County is a larger, more populous county, has crowded dockets, and the community has virtually no connection to the case.
 

 The plaintiff argues, however, that the convenience of the expert witnesses is of utmost importance.
 
 James,
 
 33 So.3d at 93-94 (Fla. 4th DCA 2010). We disagree. It goes without saying that most expert witnesses travel for their work and are paid for doing so. There was no proof of any inconvenience to the expert witnesses in this case. This is in stark contrast to the affidavits of seven fact witnesses attesting to the inconvenience of having to travel to Broward County. Our reference to the importance of expert witnesses in
 
 James
 
 does not support the plaintiffs position in this case.
 

 In
 
 James,
 
 a tire blowout occurred in Columbia County, resulting in the death of a passenger. The suit was filed in Bro-ward County. The defendants moved to transfer the case to Columbia County, but the trial court denied the motion. On appeal, we undertook the same analysis as we have in this case. There, the decedent, the vehicle’s driver, and eight other eye witnesses resided in Broward County; and the vehicle was rented in Broward County. The accident was the only connection to Columbia County.
 
 Id.
 
 at 92. In affirming the trial court’s decision not to transfer the case, we noted that because the case involved a tire blowout, the early responders to the accident were less critical witnesses because the case would turn on expert witness testimony. We therefore found no abuse of discretion.
 
 Id.
 
 at 93-94. We did not hold, however, that the convenience of expert witnesses is the most significant factor in determining venue.
 

 Florida courts have consistently found error in the denial of a motion to transfer where a vehicular accident occurs in a county other than the forum venue.
 
 See, e.g., Morrill v. Lytle,
 
 893 So.2d 671, 673-74 (Fla. 1st DCA 2005) (discussing various District Court of Appeal opinions). We find those cases persuasive.
 

 In
 
 Kelly-Springfield Tire Co. v. Moore,
 
 355 So.2d 451, 452 (Fla. 3d DCA 1978), the court found venue should have been transferred to the county where the accident occurred, the allegedly defective tire was sold and mounted, all plaintiffs resided, and the material witnesses to the accident resided. In
 
 Inter-American Sunbelt Corp. v. Borozny,
 
 512 So.2d 287, 288 (Fla. 3d DCA 1987), the court found the trial court abused its discretion in denying the transfer where the only connection to the forum county was the convenience of counsel and certain unnamed expert witnesses. In another case, the Third District Court of Appeal held the trial court abused its discretion in denying a motion to transfer where the only connections to the forum venue were the plaintiffs attorney and one
 
 *1167
 
 defendant which maintained its principal office there.
 
 Cooper Tire & Rubber Co. v. Estate of Chavez ex rel. Hernandez,
 
 8 So.3d 1157, 1159 (Fla. 3d DCA 2009).
 

 The only factors weighing in favor of Broward County are the location of the plaintiffs attorney and the store where the tire was purchased. We have previously held that the location of the attorney is insufficient to warrant the trial court’s denial of the defendants’ motions to transfer.
 
 Hu,
 
 426 So.2d at 1280.
 

 The defendants bore their burden to establish that the most convenient forum is Sarasota County. The trial court abused its discretion in denying the defendants’ motions to transfer. We therefore reverse and remand the case to the trial court for transfer of the action to Sarasota County.
 

 Reversed and Remanded.
 

 DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . Pep Boys actually filed a motion to dismiss, but supported the other defendants’ motions to transfer. For ease of reference, this opinion will simply refer to the motions to transfer.
 

 [2]
 

 . One defendant also submitted an affidavit attesting that the subject vehicle was sold in Miami-Dade County.