DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LINDA W. BOTTA,** individually, **BETHANY B. BOYD,** individually, and
**NANCY D. COLACHICCO,** individually,
Appellants,

v.

**CIKLIN, LUBITZ & O'CONNELL,** a Partnership of Professional
Associations, and **BRIAN M. O'CONNELL, ESQ.,** individually,
Appellees.

No. 4D17-379

[July 26, 2017]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE15019284AXXXCE.

Michael C. Sasso and Michael A. Sasso of Sasso & Sasso, Winter Park, for appellants.

Brian M. O'Connell, Ashley Crispin Ackal, and Zachary Rothman of Ciklin Lubitz & O'Connell, West Palm Beach, for appellees.

GERBER, C.J.

The appellant daughters appeal from the circuit court's order denying their amended motion to transfer the underlying actions from Broward County to Seminole County based on forum non conveniens. The daughters argue the court erred because their evidence showed that Broward County was not a convenient forum while Seminole County was the most convenient forum. We agree with the daughters' argument. We reverse and remand for transfer of all pending actions to Seminole County.

### *Procedural History*

In 2000, the daughters' mother executed a durable power of attorney which the appellee law firm drafted. The 2000 POA appointed all three daughters as co-agents. In 2001, the mother moved to Seminole County, where daughter Colachicco resided.

In 2002, the mother executed a new durable power of attorney which the law firm drafted. The 2002 POA appointed only daughter Colachicco as agent. When the mother executed the 2002 POA, she resided in Seminole County.

In 2014, the mother died in Seminole County. Her estate is in probate in Seminole County. After the mother's estate went into probate, daughters Botta and Boyd alleged that the 2002 POA, appointing only daughter Colachicco as agent, was invalid.

The law firm, as the drafter of the 2002 POA, filed an action in Broward County seeking a declaratory judgment that the 2002 POA was valid as "freely and voluntarily executed" by the mother, with "the requisite capacity" and "free from duress, coercion and undue influence." The law firm named all three daughters as defendants. The law firm alleged that daughter Botta resided in Connecticut, daughter Boyd resided in Broward County, and daughter Colachicco resided in Seminole County. The law firm alleged that it named all three daughters as defendants to the action based on their "antagonistic and adverse interests."

However, by the time the law firm filed its lawsuit, the three daughters had resolved their differences. Daughters Botta and Boyd then filed a malpractice counterclaim/third-party complaint against the law firm and the attorney who drafted the POAs. Botta and Boyd claimed to be intended third party beneficiaries of the law firm's and the attorney's services for their mother. According to Botta and Boyd, but for the law firm's and the attorney's drafting of the 2002 POA, they would have withheld their consent to certain expenditures if they retained the "veto" power of the 2000 POA, and the removal of the "veto" power in the 2002 POA was the proximate cause of losses to them.

The three daughters also united to file an amended motion to transfer venue from Broward County to Seminole County. In their motion and affidavits, they alleged the following. Daughters Boyd and Colachicco reside in Seminole County, more than 200 miles from Broward County. Daughter Botta resides in Brevard County, more than 135 miles from Broward County. Round trip travel for all three daughters would require several hours and would be extremely inconvenient. The mother resided in Seminole County when she executed the 2002 POA. The mother's affairs were managed in Seminole County until she died. The mother's estate was in probate in Seminole County. Any property being probated was in Seminole County. No connection existed to Broward County.

The daughters also alleged in their motion and affidavits that Broward County was an inconvenient forum for other witnesses who could offer testimony regarding the mother's condition when she executed the 2002 POA. Those witnesses included:

- The executive director of the living facility where the mother resided in Seminole County. She prepared written statements regarding the mother's capacity to execute the 2002 POA. She witnessed and notarized the mother's execution of the 2002 POA in Seminole County. She resides in Seminole County, more than 200 miles from Broward County. Round trip travel would require several hours and would be extremely inconvenient.

- Boyd's adult children, who spent a significant amount of time with the mother, observing her physical and mental health. They reside in Seminole County, more than 200 miles from Broward County. Round trip travel would require several hours and would be extremely inconvenient.

- The neurological medical staff who treated the mother shortly before she executed the 2002 POA and in the years after. They are located in Orange County, only 19 miles from Seminole County, but more than 200 miles from Broward County. Round trip travel to Broward County would require several hours and would be extremely inconvenient.

The daughters argued that the "overwhelming majority of witnesses reside[] in Seminole County, where this cause of action should be transferred." They also argued that the relevant events took place in Seminole County and that the "interests of justice" were not served by requiring a Broward County court to resolve the actions when it had no connection to the actions.

As for daughters Botta's and Boyd's malpractice action against the law firm and the attorney, the daughters argued that action accrued not where the legal services were provided in Palm Beach County, but rather where the resulting harm was suffered by them in Seminole County.

In response to the daughters' amended motion to dismiss or transfer, the law firm filed an affidavit alleging that when the law firm filed the underlying action, daughter Boyd resided in Broward County.

The court held a hearing on the daughters' amended motion to dismiss or transfer. No witnesses testified. The law firm's attorney presented the

3

court with property records indicating that daughter Boyd sold her homestead in Broward County three months after the law firm filed the declaratory judgment action. The daughters' attorney responded that daughter Boyd was not served with the law firm's declaratory judgment action until after she moved to Seminole County.

At the end of the hearing, the circuit court announced it was denying the daughters' amended motion to transfer venue. The court first said that plaintiffs generally get to pick the venue as long as they have a basis for it, and here they had a basis for it in Broward County because daughter Boyd lived there when the law firm filed the complaint. The court also assumed that the law firm picked Broward County as the venue because it was more convenient for the law firm. The court added: "Who am I now as the Judge to step in and say, 'Wait a minute plaintiff, you have to go travel up to Brevard and take your witnesses up there and be inconvenienced up there.' It's the plaintiff's choice as long as they have a reasonable basis for it and they do." The court also said that the daughters could use video depositions to perpetuate testimony. The court then explained: "It's going to be inconvenient for somebody, [the law firm] picked [Broward County], it's staying here, it's discretionary with the Court. [The law firm] has a basis, the Court has jurisdiction[,] and half the people are here and half are up there, so that's the way it is."

The court immediately entered a written order stating simply that the daughters' amended motion to transfer for improper venue or forum non conveniens was denied.

This appeal followed. The daughters have limited their appeal to that portion of the circuit court's order denying their amended motion to transfer based on forum non conveniens. The daughters argue the court erred because their evidence showed that Broward County was not a convenient forum while Seminole County would be a convenient forum.

*Our Review*

We have summarized the law governing our review of an order denying a motion to transfer venue for forum non conveniens as follows:

> This Court reviews orders denying motions to transfer venue for an abuse of discretion.
>
> Section 47.122[, Florida Statutes (2009),] governs the transfer of venue from one Florida county to another on the basis of forum non conveniens. "For the convenience of the

4

parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." § 47.122, Fla. Stat. (2009). There are three statutory factors a court considers in determining whether to grant a motion pursuant to section 47.122: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice.

Of the three factors, the convenience of the witnesses is probably the single most important consideration of the three statutory factors. The plaintiff's forum selection is no longer the factor of over-riding importance.

The third factor, that of the interests of justice, is a catch-all consideration including many considerations, and in some close cases this factor may be determinative. One consideration is the convenience of the attorneys which is usually accorded very little, if any, weight. . . .

Other considerations include but are not limited to the avoidance of a crowded court docket and the imposition of jury duty on an uninvolved community.

*Pep Boys v. Montilla*, 62 So. 3d 1162, 1165 (Fla. 4th DCA 2011) (internal alterations, citations, indentations, and some quotation marks omitted).

Applying the foregoing law to this case, we agree with the daughters that the circuit court erred because their evidence showed that Broward County was not a convenient forum while Seminole County was the most convenient forum. We address the three statutory factors in turn.

First, the convenience of the parties favors Seminole County. The daughters' affidavits established that two of them reside in Seminole County, more than 200 miles from Broward County, and the third resides in adjacent Brevard County, more than 135 miles from Broward County. Round trip travel would require several hours and would be extremely inconvenient. The law firm attempted to overcome the daughters' agreement on this issue by alleging that when the law firm filed the declaratory judgment action, daughter Boyd resided in Broward County. While that allegation may have been relevant to whether Broward County was a *proper* forum in which to file the declaratory judgment action, that allegation was not relevant to whether Broward County was a *convenient* forum to dispose of the combined actions, especially given that, by the time daughter Boyd was served, she had moved to Seminole County. The law

5

firm's and the attorney's location in Palm Beach County, near Broward County, is unpersuasive. Although the law firm and the attorney are parties in this case, they are also serving as their own counsel. As we stated in *Pep Boys*, "the convenience of the attorneys . . . is usually accorded very little, if any, weight." 62 So. 3d at 1165.

Second, the convenience of the witnesses, "probably the single most important consideration of the three statutory factors," *id.*, favors Seminole County. The daughters' affidavits established that the witnesses who would testify regarding the mother's capacity to execute the 2002 POA – the executive director of the living facility where the mother resided; daughter Boyd's adult children; and the neurological medical staff who treated the mother before and after she executed the 2002 POA – reside in or near Seminole County. Round trip travel to Broward County for these witnesses would require several hours and would be extremely inconvenient. The law firm and the attorney did not contest this evidence.

Third, the interests of justice favor Seminole County. The primary dispute pertains to the mother's capacity when she executed the 2002 POA while residing in Seminole County. The mother's affairs were managed in Seminole County until she died. The mother's estate is in probate in Seminole County. Any property being probated is in Seminole County.

In light of the application of the three statutory factors to the instant case, the circuit court's reasoning for denying the daughters' motion lacks merit. The law firm's selection of Broward County as the venue is unpersuasive given that, once a motion to transfer based on inconvenient forum is filed, "[t]he plaintiff's forum selection is no longer the factor of over-riding importance." *Id.* Finally, the court's finding that "half the people are here and half are up there" and "it's inconvenient for everybody" is not supported by competent substantial evidence.

Based on the foregoing, we reverse the circuit court's order denying the daughters' amended motion to transfer venue on the ground of forum non conveniens. We remand for transfer of the subject pending actions between the parties from Broward County to Seminole County.

*Reversed and remanded for proceedings consistent with this opinion.*

MAY and LEVINE, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

6