DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EAGLE TRANSPORT CORPORATION OF NORTH CAROLINA** d/b/a
**EAGLE TRANSPORT CORPORATION** and **CYNTHIA S. ROBERTS,**
Appellants,

v.

**JACQUELINE ROCH-HERNANDEZ,** as Personal Representative of
**THE ESTATE OF LUCCA G. ROCH-HERNANDEZ,**
Appellee.

No. 4D20-2663

[July 14, 2021]

Non-final appeal from the Circuit Court for the Seventeenth Judicial
Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE20-
609.

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami, for appellants.

Seth Miles of Buckner + Miles, Miami, for appellee.

PER CURIAM.

Appellants Eagle Transport Corporation of North Carolina and Cynthia
Roberts appeal an order denying their motion to transfer venue from
Broward County to Alachua County, based upon forum non conveniens.
We agree with Appellants that the trial court erred in denying the motion,
and we thus reverse.

**Background**

Appellee, the parent and personal representative of the decedent, filed
a wrongful death action in Broward County based on a vehicular accident
that occurred in Alachua County. The decedent, who resided in Alachua
County at the time of the accident, collided with a tractor trailer owned by
Appellant Eagle Transport Corporation of North Carolina d/b/a Eagle
Transport Corporation ("Eagle Transport") and driven by Appellant
Roberts.

The parties' only connection to Broward County is that Eagle Transport has a registered agent and a fueling hub in that county. Eagle Transport's principal address is in North Carolina, the truck driver is a resident of Duval County, and the personal representative is a resident of Miami-Dade County.

Appellants moved to dismiss the action for improper venue or, alternatively, to transfer venue to Alachua County pursuant to section 47.172, Florida Statutes (2020). Appellants argued that Alachua County is a more convenient forum because it is where the accident occurred and where liability is contested. Appellants contended that the following witnesses who are material to the liability issue live in or near Alachua County: law enforcement officers, the medical examiner, and a toxicology expert. The driver lives much closer to Alachua than Broward. Left unclear is the current domicile of two roommates of the decedent at the time of the accident, as well as that of a purported eyewitness. Appellee has not identified any liability witnesses who live in or near Broward County, and the anticipated damages witnesses live in Miami-Dade County, not Broward.

The trial court denied the motion, explaining that the witnesses are primarily first responders whose testimony can be observed through video. Appellants have timely appealed that decision.

**Analysis**

"This Court reviews 'orders denying motions to transfer venue for an abuse of discretion.'" *Pep Boys v. Montilla*, 62 So. 3d 1162, 1165 (Fla. 4th DCA 2011) (quoting *Tomac of Fla., Inc. v. Gunn's Quality Glass & Mirror, Inc.*, 17 So. 3d 320, 321 (Fla. 4th DCA 2009)). In deciding whether to transfer an action pursuant to section 47.122, a court considers three statutory factors: "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." *Ford Motor Co. v. James*, 33 So. 3d 91, 92-93 (Fla. 4th DCA 2010) (quoting *Hu v. Crockett*, 426 So. 2d 1275, 1277-78 (Fla. 1st DCA 1983)). "[T]he convenience of the witnesses is probably the single most important consideration of the three statutory factors." *Pep Boys*, 62 So. 3d at 1165 (quoting *Hu* at 1279).

Here, the trial court erred in denying the motion to transfer where the parties' only connection to Broward County is the fact that Eagle Transport's registered agent and one of its fueling hubs are located there. *See ATP Tour, Inc. v. Skoff*, 758 So. 2d 1226, 1228 (Fla. 4th DCA 2000) ("Our court has held that a trial court abuses its discretion if it denies a motion to change venue where the only connection to the county in which

the action is filed is that a non-resident corporation had an agent for service there."); *Avis Rent A Car Sys., Inc. v. Broughton*, 672 So. 2d 656, 656 (Fla. 4th DCA 1996) (same); *Morrill v. Lytle*, 893 So. 2d 671, 673 (Fla. 1st DCA 2005) (trial court abused its discretion in denying motion to transfer venue from Duval County to Alachua County where accident occurred in Alachua County, witnesses were located in Alachua County, and only connection to Duval County was that corporate defendants maintained offices in Duval County and certain attorneys involved in the case practiced in Duval County).

"Florida courts have consistently held that it is error to deny a transfer of venue where a vehicular accident occurs in a Florida county other than the forum county and the witnesses are located outside of the forum county and many or most of the witnesses are located in the county in which the accident occurred." *Morrill*, 893 So. 2d at 673; *see also Pep Boys*, 62 So. 3d at 1166. Here, the vehicular accident occurred in Alachua County. None of the witnesses or parties reside in Broward County, and most of the material liability witnesses reside in or near Alachua County.

### Conclusion

Appellants satisfied their burden to establish that the most convenient forum is Alachua County. As such, the trial court erred in denying the motion of Appellants to transfer venue. Therefore, we reverse and remand with directions that the trial court transfer this case to Alachua County.

*Reversed and remanded.*

WARNER, MAY and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3