# Third District Court of Appeal

## State of Florida

Opinion filed February 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-2296 & 3D21-2320
Lower Tribunal No. 20-26978

_____

**SMA Behavioral Health Services, Inc., etc., et al.,**
Appellants,

vs.

**Craig Loewinger, etc.,**
Appellee.

Appeals from non-final orders from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Roper, P.A., and Derek J. Angell, B.C.S., and Joseph D. Tessitore (Orlando), for appellants SMA Behavioral Health Services, Inc. and Lisa Sweeney, LMHC; Ferrainolo Law Group, PA, and David P. Ferrainolo (Tampa); Armas Bertran Zincone, and J. Alfredo Armas and Natalia Marrero, for appellants Armor Correctional Health Services, Inc., Clayton Hutchens, LPN, and Sametris Ferguson, LMHC.

Littlepage Booth Leckman, and Rainey C. Booth (Houston, TX), for appellee.

Before LOGUE, MILLER and LOBREE, JJ.

PER CURIAM.

In this wrongful death action, two groups of defendants appeal the order denying their motions to transfer venue from Miami-Dade County to Volusia County. Because virtually all of the incidents at issue occurred and virtually all of the fact witnesses reside in Volusia County, we reverse.

On October 1, 2018, the decedent, Douglas M. Loewinger, was arrested in Volusia County for a probation violation and admitted to the Volusia County Jail, where he remained for ten days. For years prior to the arrest, the decedent had a history of psychiatric issues and was in the care of a psychiatrist. A few weeks after being released from jail, the decedent was found unconscious on the floor of his bedroom in Volusia County, apparently as the result of a suicide attempt. The decedent was admitted to Halifax Hospital and remained there until his death on December 3, 2018.

Craig Loewinger, the decedent's father and personal representative, filed a wrongful death action over the death of his son. He sued Armor Correctional Health Services, Inc., which contracts to provide medical services to the Volusia County Jail, SMA Behavioral Health Service, Inc., Armor's subcontractor, and certain of their nurses, counselors, and therapists, alleging they were negligent or grossly negligent in providing medical services to his son while the young man was in custody. The

2

complaint was filed in Miami-Dade County in the Eleventh Judicial Circuit of Florida.

Shortly after the action was filed, Armor and SMA filed motions, supported by affidavits of some of the defendants and witnesses, seeking to have the case transferred to Volusia County, pursuant to section 47.122, Florida Statutes. The personal representative opposed the motion, noting that one of the corporate defendants, Armor, had its corporate headquarters in Miami-Dade County.

We review a trial court's denial of a motion to transfer venue pursuant to section 47.122, Florida Statutes, for abuse of discretion. Marques v. Garcia, 245 So. 3d 900, 904 (Fla. 3d DCA 2018). Courts consider three factors in deciding whether to grant a motion under the doctrine of forum non conveniens: "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." Ford Motor Co. v. James, 33 So. 3d 91, 92–93 (Fla. 4th DCA 2010); see § 47.122, Fla. Stat. (2022).

After careful review, we conclude that Volusia County is a more appropriate venue for this case than Miami-Dade County. Volusia County is the venue where the decedent was arrested, kept in custody, received the allegedly deficient care, was released from custody, took the actions leading to his suicide, was hospitalized after his actions, and died. It is

3

where all, or virtually all, of the alleged negligence and gross negligence occurred. Most of the witnesses and individual defendants reside in or near Volusia County.

Given the fact that most, if not all, of the critical events occurred and most, if not all, of the fact witnesses reside in or near Volusia County, the location of Armor's corporate headquarters in Miami-Dade County does not negate Volusia County as the more appropriate forum. Morrill v. Lytle, 893 So. 2d 671, 673 (Fla. 1st DCA 2005) (concluding that the location of the defendant's corporate office was not sufficient to outweigh the location of the great majority of witnesses); Graham as Tr. of William J. Graham Tr. Dated June 16, 1968 v. Virgil, 324 So. 3d 12, 13 (Fla. 4th DCA 2021) (reversing an order denying a motion to transfer venue to a county where the incident took place and where most of the parties and witnesses resided); Theobald v. Piper Aircraft, Inc., et al., 208 So. 3d 287, 290 (Fla. 3d DCA 2016) (affirming the trial court's order transferring the case to a county where a party and several witnesses were located).

Reversed and remanded for entry of an order transferring this action to Volusia County.

4