DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WATER'S EDGE DERMATOLOGY, LLC,** and **DWAYNE MONTIE, D.O.,**
Appellants,

v.

**SARAH VICTORIA CHRISTOPHERSON,**
Appellee.

No. 4D22-2209

[June 7, 2023]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. CACE21009857.

Lissette Gonzalez of Cole, Scott & Kissane, P.A., Miami, for appellants.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, and Jonathan R. Gdanski and David Silverman of Schlesinger Law Offices, P.A., Fort Lauderdale, for appellee.

FORST, J.

Appellants, Water's Edge Dermatology, LLC ("Provider"), and Dwayne Montie, D.O. ("Doctor"),[1] argue that the trial court abused its discretion in denying their amended motion to transfer venue from Broward County to Indian River County. We agree and reverse.

## Background

Doctor and Provider treated Appellee Sarah Victoria Christopherson ("Patient") in Provider's Vero Beach office located in Indian River County. The following year, Patient discovered that she developed skin cancer. She subsequently filed suit in Broward County against Provider and Doctor for medical negligence, and against Provider for vicarious liability.

Patient alleged in the complaint that she resided in Indian River County at all material times and Broward County was a proper venue because at the time Provider and Doctor treated Patient, "one or more of the

---

[1] Doctor passed away during the pendency of the proceedings. Doctor's widow, as personal representative of Doctor's estate, is now a party to the action.

defendants resided in Broward County, Florida and the corporate defendant has, or usually keeps an office for transaction of its customary business that is located in Broward County, Florida." While Provider conducts business in Broward County, Provider's principal place of business and the office that treated Patient are located elsewhere. Doctor resided in Martin County, which—like Indian River County—is served by the Nineteenth Judicial Circuit. Broward County is the sole county served by the Seventeenth Judicial Circuit. The principal judicial complex for the Seventeenth Circuit lies about 120 miles south of Provider's Vero Beach office.

Provider and Doctor moved to transfer venue to the Nineteenth Judicial Circuit, arguing *forum non conveniens* as a basis for transfer, and attaching Doctor's affidavit in support. Doctor attested that Broward County was an inconvenient venue, because neither Doctor nor any of Provider's staff involved in treating Patient resided in or practiced in Broward County. Doctor elaborated that Patient received treatment in Provider's Vero Beach office, located in the Nineteenth Judicial Circuit, and the material witnesses would be "substantially more convenien[ced]" if venue was transferred.

The defendants later amended their motion, specifying Indian River County as the preferred transferee venue. In an affidavit filed following Doctor's death, his widow, a resident of Martin County, attested that the case remaining in Broward County would pose a substantial hardship to her as a single parent to a young child.

Patient responded to the motion and amended motion to transfer venue, attaching the affidavits of six individuals: Patient, Patient's boyfriend, Patient's mother, Patient's treating oncologist, Patient's boyfriend's mother, and Patient's boyfriend's father. Aside from Patient's boyfriend's parents, whose connection to the case is unknown, no attesting individual resides in Broward County or identifies a connection to Broward County related to Patient's treatment. Each affidavit contains the same declaration that testifying in Broward County would not be inconvenient.

After hearing arguments of the parties on the amended motion to transfer venue, the trial court expressed that "there is insufficient evidence to transfer venue." This appeal followed.

**Analysis**

An order denying a motion to transfer venue is reviewed for an abuse of discretion. *Eagle Transp. Corp. of N.C. v. Roch-Hernandez*, 324 So. 3d 521, 522–23 (Fla. 4th DCA 2021).

2

> A plaintiff may select the venue and that selection will not be disturbed as long as the selection is one of the alternatives in the venue statute. *Florida Gamco, Inc. v. Fontaine*, 68 So. 3d 923, 928 (Fla. 4th DCA 2011). A defendant contesting a plaintiff's facially proper venue selection has the burden of proving the selection is improper and must establish where venue actually lies. *Id.* Once a defendant has challenged venue with an affidavit controverting a plaintiff's venue allegation, the burden shifts to the plaintiff to prove the venue selection is proper. *Id.*

*First Church of Nazarene of Gainesville, Fla., Inc. v. Site Concepts, Inc.*, 265 So. 3d 641, 643 (Fla. 4th DCA 2019).

"[T]here are three statutory factors a court considers in determining whether to grant a motion [to transfer venue] pursuant to section 47.122[, Fla. Stat.]: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." *Pep Boys v. Montilla*, 62 So. 3d 1162, 1165 (Fla. 4th DCA 2011) (first alteration in original) (quoting *Ford Motor Co. v. James*, 33 So. 3d 91, 92–93 (Fla. 4th DCA 2010)).

While the trial court should consider all three of these factors, the convenience of the witnesses is "probably the single most important consideration of the three statutory factors." *Ford Motor Co.*, 33 So. 3d at 93 (quoting *Hu v. Crockett*, 426 So. 2d 1275, 1279 (Fla. 1st DCA 1983)). "The plaintiff's forum selection is no longer the factor of over-riding importance." *Botta v. Ciklin, Lubitz & O'Connell*, 222 So. 3d 605, 608 (Fla. 4th DCA 2017) (quoting *Pep Boys*, 62 So. 3d at 1165).

A trial court abuses its discretion when it denies a motion to transfer based on *forum non conveniens* where there is only an attenuated connection to a venue that bears no relation to the lawsuit's critical events. *See, e.g., SMA Behav. Health Servs., Inc. v. Loewinger*, 355 So. 3d 988, 989–90 (Fla. 3d DCA 2023) (transferring from county where corporate headquarters were located to county where most of the critical events occurred and fact witnesses resided); *Braun v. Stafford*, 529 So. 2d 735, 736 (Fla. 4th DCA 1988) (transferring from county where only connection was a corporate office to county where cause of action occurred and medical treatment was administered); *Botta*, 222 So. 3d at 609–10 (transferring from county where party's law firm was located to county where decedent lived and received treatment).

Here, the factors favor Indian River County as a more appropriate and convenient venue over Broward County. Patient, Provider, Doctor, and

3

Provider's staff members involved in treating Patient are/were located in or near Indian River County, where Patient's cause of action accrued. *See McDaniel Rsrv. Realty Holdings, LLC v. B.S.E. Consultants, Inc.*, 39 So. 3d 504, 509 (Fla. 4th DCA 2010) ("[A] tort accrues in the county where the plaintiff first suffers injury."). Additionally, neither Patient nor any attesting individual has established a connection to Broward County specifically related to Patient's treatment. Indeed, the only attenuated connection to Broward County is the fact that Provider transacts business there, but its business in Broward County bears no relation to Patient's treatment by Provider or Doctor. *See Loewinger*, 355 So. 3d at 989–90.

The law firm representing Patient in this civil action is located in Broward County. However, the convenience of the attorneys "is usually accorded very little, if any, weight." *Pep Boys*, 62 So. 3d at 1165 (quoting *Hu*, 426 So. 2d at 1280).

As noted in *Hu* and *Pep Boys*, "[o]ther [interests of justice] considerations include but are not limited to the avoidance of a crowded court docket and the imposition of jury duty on an uninvolved community." *Pep Boys*, 62 So. 3d at 1165 (quoting *Hu*, 426 So. 2d at 1280). In *Pep Boys*, we found the trial court abused its discretion in denying the defendant's motion to transfer venue from Broward County. *Id.* at 1167. Here, we can parrot *Pep Boys*' observation that "Broward County is a larger, more populous county, has crowded dockets, and the community has virtually no connection to the case." *Id.* at 1166. Thus, the interests of justice strongly favor change of venue to Indian River County.

## Conclusion

Patient, a resident of Indian River County, alleges damages resulting from medical treatment at co-defendant Provider's facility located in Indian River County. Doctor's widow, the representative of Doctor's estate, resides in the Nineteenth Circuit, as did the decedent Doctor. The latter practiced in Indian River County. Applying the three-factor test, we conclude the defendants met their burden to establish the most convenient forum is Indian River County. Patient did not meet her burden to show that Broward County was the proper venue.

Accordingly, the trial court abused its discretion in denying the defendants' amended motion to transfer venue. Thus, we reverse and remand the case to the trial court for transfer of Patient's lawsuit to Indian River County.

*Reversed and remanded.*

4

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*