PER CURIAM.
The trial court’s order transferring venue to Orange County is affirmed. Section 47.122, Florida Statutes, provides that for the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought. We recognize that plaintiff properly brought this single cause of action in Palm Beach County. § 47.011, Fla.Stat. However, plaintiff might have brought this cause of action in Orange County had plaintiff joined it with the foreclosure action there. § 47.041, Fla. Stat. Consequently, we cannot say that the trial court abused its discretion by transferring venue in the interest of justice to avoid piecemeal litigation and the possibility of inconsistent results. Edward J. Gerrits, Inc. v. Chambers Truss, Inc., 564 So.2d 624 (Fla. 4th DCA 1990); Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975).
The limiting phrase of section 47.-122 which provides that the court can transfer to any other court in which the action “might have been brought” should be construed to prevent a plaintiff from defeating a transfer to a venue which would be proper, convenient and just, but which plaintiffs simply avoided by their deliberate acts or omissions. The power to defeat a transfer to a convenient forum should derive from rights and privileges conferred by law, not from the deliberate conduct of a party favoring trial in an inconvenient forum. See Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).
STONE and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.