HARRIS, Judge.
Thomas Tompkins, Marcia Tompkins, and Foley and Lardner, defendants in the action below, have each filed separate appeals of the trial judge’s order changing venue of the action from Osceola County to Orange County. We consolidate the appeals and affirm the trial court.
The issues are these: Does section 47.122, Florida Statutes, authorize this change of venue and, if so, is the judge’s order supported by the record?
Section 47.122 provides:
For the convenience of the parties or witnesses or the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
The action as originally filed was against only Mr. and Mrs. Tompkins who lived in Osceola County and on a cause of
*1341 action arising in Osceola County. However, during the several years that this case has been pending, it has been amended to include other defendants who live in or have their business in Orange County. In addition, one count now involves a cause of action alleged to have occurred in Orange County. It is appellants’ position that although the current complaint, if filed today, might be appropriate in Orange County, the statute refers only to the original filing circumstances. We disagree. There is no question that the filing of an amendment relates back to the date of filing of the original complaint. Fla. R. Civ. Pro 1.190(e); Palm Beach County v. Savage Const. Co., 627 So.2d 1332 (Fla. 4th DCA 1993). The purpose of the statute seems equally as applicable to added parties as it does to the original parties. We see no policy reason to restrict the venue protection as appellants urge. To the contrary, a “liberal” reading of the statute supports extending the “convenience” protection to all parties properly brought into the action. For example, Foley and Lardner, late arrivals, should be able to invoke the protection of the statute as well as the Tompkins or Acadia. We believe that when a court is faced with a change of venue issue relating to the convenience of the parties, it is free to consider the most current complaint in order to determine whether such complaint could have been filed in a particular county when the original action was filed. If such county would have been appropriate then, assuming the current complaint had been filed, a change of venue to that county is authorized.
On the second issue, the trial court has issued a six page order detailing why it thought the change of venue was appropriate. We find the reasons given are supported by the record and justify the court’s action.
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.