717 So.2d 572 (1998)
BROWN & WILLIAMSON TOBACCO CORPORATION, as successor by merger to The American Tobacco Company, and Liggett Group, Inc., Appellants,
v.
Angela WIDDICK, as Personal Representative of the Estate of Roland Maddox, deceased, Appellee.
No. 98-894.
District Court of Appeal of Florida, First District.
August 13, 1998.
Rehearing Denied September 22, 1998.
*573 Chadbourne & Parks LLP, New York; and J.W. Prichard, Jr. and Robert B. Parrish, of Moseley, Warren, Prichard & Parrish, Jacksonville, for Appellant Brown & Williamson Tobacco Corporation, and Charles C. Howell, III of Howell & O'Neal, Jacksonville, for Appellant Liggett Group.
Norwood S. Wilner, Gregory H. Maxwell, Stephanie J. Hartley and Kenneth C. Steel, III, of Spohrer, Wilner, Maxwell, Maciejewski & Matthews, P.A., Jacksonville, for Appellee.
BARFIELD, Chief Judge.
In a suit brought by the daughter of a deceased smoker against the manufacturers and the retailer[1] of cigarettes allegedly smoked by her father, appellants challenge the trial court's denial of their motion to transfer venue pursuant to section 47.122, Florida Statutes (1997). We reverse.
The lawsuit was filed in Duval County, where the retailer's headquarters and the plaintiff's attorneys are located. The other defendants are foreign corporations doing business in Florida. The decedent, a native of Maryland, lived and worked in Dade, Broward, and Palm Beach Counties from 1963 until his death in 1997. At no time during his life did he live or work anywhere in Florida north of Palm Beach County. His widow and his plaintiff daughter both live in Palm Beach County. At the hearing on the motion, appellants presented excerpts from the depositions of the deceased's widow and plaintiff daughter, in which his widow testified that it would be more convenient for her if the trial were in Palm Beach County and the daughter testified that her only reason for filing suit in Duval County was that her attorneys are headquartered in Jacksonville. None of the other witnesses identified by plaintiff as having knowledge of the decedent's "awareness or lack of awareness of the potential health hazards associated with smoking cigarettes," his "smoking history," and his "injuries and/or illnesses allegedly caused or contributed to by his cigarette smoking" live in Duval County; some of them live in Palm Beach County and some of them live out of state. His physicians are all residents of Palm Beach or Broward Counties. None of the plaintiff's expert witnesses are from Duval County; one is from Miami, and the others are from out of state.
The decedent worked for the defendant cigarette retailer, Winn-Dixie Stores, Inc., in Palm Beach from 1979 to 1995. In support of the motion to transfer venue based upon the convenience of the witnesses and the interest of justice, the retailer identified ten of its employees who have knowledge of critical trial issues (the decedent's "smoking history, smoking habits, cigarette purchasing habits, quit attempts, awareness of the potential health effects of smoking, work duties, work performance and overall health"). All but one of these witnesses live in Palm Beach County; none of them live in Duval County.
The trial court denied the motion for transfer of venue on the ground that "the modest inconvenience occasioned upon the witnesses in this cause is not so substantial as to outweigh the Court's consideration of the plaintiff's right to select the location of her lawsuit." Under these circumstances, we find that appellants have met their burden of *574 demonstrating that the trial court abused its discretion in denying their motion, where the plaintiff, the decedent, his widow, and most of the witnesses lived in Palm Beach and Broward Counties or out of the state, no material witnesses from Duval County were identified, and Duval County's only connections with this case were that the plaintiff's attorneys are located there and the defendant cigarette retailer is headquartered there.[2]See Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377 (Fla. 1st DCA 1997), and Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983). See also E.I. DuPont DeNemours & Co. v. Fuzzell, 681 So.2d 1195 (Fla. 2d DCA 1996); Burger King v. Koeppel, 564 So.2d 209 (Fla. 3d DCA 1990); Braun v. Stafford, 529 So.2d 735 (Fla. 4th DCA 1988); Florida Power & Light Co. v. Troutman, 396 So.2d 743 (Fla. 4th DCA 1981); Kelly-Springfield Tire Co. v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978); Hertz Corp. v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976); Peterson, Howell and Heather v. O'Neill, 314 So.2d 808 (Fla. 3d DCA 1975).
REVERSED.
KAHN and WEBSTER, JJ., concur.
NOTES
[1] After the initial and answer briefs were filed, the retailer, Winn-Dixie Stores, Inc., voluntarily dismissed the appeal.
[2] Since this appeal was filed, the plaintiff has voluntarily dismissed the retailer as a party defendant.