SCHWARTZ, Senior Judge.
Hall and his wife, plaintiffs in an Engle[1] action claiming damages resulting from his allegedly addictive cigarette smoking, appeal from an order transferring the case under section 47.122, Florida Statutes (2013)[2] from the Miami-Dade County Circuit Court to the Orange County Circuit Court. We affirm.
On the one hand, the Halls are now and have been residents of Orange County throughout his history of smoking and the treatment for its results; on the other, Miami-Dade has no relevant[3] connection whatever to the case: it is neither the location of the underlying facts and circumstances, nor the residence of any of the parties or potential witnesses. On this basis, it is apparent that, at a minimum, the trial court did not abuse its discretion in entering the order below, as is required for reversal. See Fla. Patient’s Compensation Fund v. Fla. Physicians’ Ins. Reciprocal, 507 So.2d 778, 779 (Fla. 3d DCA 1987) (“The decision to transfer venue ... is ‘one within the sound discretion of the trial court, and absent a demonstration of an abuse of discretion, the lower court’s determination will not be overturned on appeal.’ ”) (internal citation omitted); Stoppa v. Water Oak Mgmt. Corp., 584 So.2d 161, 163 (Fla. 1st DCA 1991) (“As a general rule, a trial court has wide discretion in determining whether or not venue of a trial should be changed.”). See also Kelly-Springfield Tire Co. v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978) (reversing order denying transfer of case from Dade County to Highlands County).
In short, this is an Orange County case which belongs in Orange County. See Della-Donna v. Gore Newspaper Co., 390 So.2d 87, 87-88 (Fla. 3d DCA 1980) (“In sum, this is a [Broward County] case, which belongs in Broward County.”) (relying on Leinberger v. Webster, 66 F.R.D. 28, 35 (E.D.N.Y.1975)) (“In sum, this is a Vermont case.”); Westchester Fire Ins. Co. v. Fireman’s Fund Ins. Co., 673 So.2d 958, 959 (Fla. 3d DCA 1996) (“It is ‘in the interest of justice,’ ... that a Dade County jury, which is both a scarce and precious resource, should not be burdened with determining a case that has no connection with Dade County.”); Pep Boys v. Montilla, 62 So.3d 1162, 1166 (Fla. 4th DCA 2011) (“The last factor — the interest of justice — also weighs in favor of Sarasota County ... Broward County’s connections to the case are that the plaintiff’s attorney is from there and the tire had been sold and installed there. Broward County is a larger, more populous county, has crowded dockets, and the community has virtually no connection to the case.”).
Affirmed.

. Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006).

. "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record which it might have been brought.” § 47.122, Fla. Stat. (2013).

. The location of plaintiffs’ lawyers does not qualify. See Pearl Cruises v. Bestor, 678 So.2d 372 (Fla. 3d DCA 1996).