# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1176
Lower Tribunal No. 11-40815
_____

## R.J. Reynolds Tobacco Co., Philip Morris USA Inc., and Lorillard Tobacco Company,
Appellants,

vs.

## Lesia Mooney, Individually, and as Personal Representative of the Estate of Barbara June Meacham, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Boise, Schiller & Flexner LLP, and Mark J. Heise, Andrew S. Brenner, and Stephen N. Zack and Lawrence V. Ashe; Arnold & Porter LLP, and Geoffrey J. Michael (Washington, DC), for appellant Philip Morris USA Inc.; Carlton Fields, and Benjamine Reid and Olga M. Vieira; Jones Day, and Charles R.A. Morse (New York, NY), for appellant R.J. Reynolds Tobacco Company; Greenberg Traurig, P.A., and Elliot H. Scherker, Julissa Rodriguez, and David O. Batista (Fort Lauderdale), for appellant Lorillard Tobacco Company.

The Ferraro Law Firm, and David J. Finger and Allan B. Kaiser, for appellees.

Before WELLS, ROTHENBERG, and EMAS, JJ.

WELLS, Judge.

R.J. Reynolds Tobacco Company, Philip Morris USA Inc., and Lorillard Tobacco Company (collectively, "the defendants"), appeal a trial court's denial of their motion to transfer venue. Because we find no abuse of discretion in the trial court's ruling, we affirm.

Engle[1] plaintiff–appellee, Lesia Mooney ("Mooney"), seeks monetary damages for the wrongful death of her mother, Barbara Meacham ("the decedent"), allegedly caused by smoking-related injuries resulting from the use of the defendants' products. Mooney initially filed her wrongful death action against the defendants, as well as Vector Group, Ltd. ("Vector"), as part of a consolidated complaint with fifteen joint plaintiffs in 2008. The case was initially filed in The Eleventh Judicial Circuit for Miami-Dade County ("Miami-Dade Court") because Vector maintains its headquarters in Miami-Dade County. The parties all mutually agreed to delay the case for two years and then the parties began conducting discovery after the case was reactivated in 2010. In December 2011, Mooney severed her action from the joint complaint and filed an individual complaint

---

[1] Engle v. Liggett Group, Inc., 945 So. 2d 1246 (Fla. 2006)

2

against the defendants, dropping Vector from the complaint. None of the remaining defendants is headquartered in Miami-Dade County. The defendants took Mooney's deposition and, shortly thereafter, in December 2012, filed a motion to transfer venue pursuant to section 47.122 of the Florida Statutes (2012).

The defendant tobacco companies do not dispute that venue was proper when Mooney originally filed her consolidated action against them and Vector in the Miami-Dade Court. Nor have they at any time argued that venue was not proper in the court below after Mooney severed her action and dropped Vector as a party defendant. Indeed, this court has previously found that "if—as was obviously and concededly the case here—a local or resident defendant is made a party in good faith at the outset of the litigation, his subsequent voluntary (or involuntary) dismissal does not affect the propriety of the initial venue so as to require that the action be transferred . . . ." Vance, M.D. v. Minton, 444 So. 2d 1162, 1163 (Fla. 3d DCA 1984). The defendant tobacco companies have, therefore, moved to transfer venue to Duval County under section 47.122, claiming that it is "[f]or the convenience of the parties or witnesses or in the interest of justice," to transfer this action to Duval County where this action might also have been brought.

As this court has already confirmed, a "plaintiff's forum selection is presumptively correct, and in order to successfully challenge that selection, ***the***

3

***burden is upon the defendant*** to show either ***substantial*** inconvenience or that ***undue expense*** requires a change for the convenience of the parties or witnesses." Gov't Emps. Ins. Co. v. Burns, 672 So. 2d 834, 835 (Fla. 3d DCA 1996) (emphasis added); see also Safety Nat'l Cas. Corp. v. Fla. Mun. Ins. Trust, 818 So. 2d 612, 613 (Fla. 5th DCA 2002) (same). This requires the defendant to come forward with ***record evidence*** to support a transfer. Burns, 672 So. 2d at 835. In this case, that burden has not been met.

As to the convenience of the parties, the tobacco company defendants have made no argument that it would be inconvenient in any manner ***for them*** to try this matter in Miami-Dade County. Instead, they have latched upon Mooney's two word response to a question at her deposition that "[o]bviously, yes" it would be more convenient for her if the case were filed in Duval County because she lives in Jacksonville. This response does not demonstrate that it would be ***substantially*** inconvenient for her to travel to Miami-Dade County on occasion prior to, and for, trial, especially in light of her testimony that despite any inconvenience she might incur, she preferred having the case heard in Miami-Dade County. There is no testimony that keeping the action here would be unduly expensive for her.

As to the convenience of any witnesses, the tobacco company defendants have not identified a single defense witness who would be inconvenienced by keeping this case in Miami-Dade County. Rather, they rely solely upon a response

4

to a written interrogatory asking Mooney to identify those whom might have knowledge of the issues raised in the instant suit:

> State the name and address of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

In her response, Mooney provided the names and addresses of four individuals, three of whom lived in Jacksonville who might have knowledge of decedent's "smoking history and smoking related illness." While such individuals, may prove to have relevant knowledge concerning issues in this lawsuit, there is no evidence that any of these individuals actually has relevant information, will be deposed, or will be called as a witness at trial. Indeed, it may very well be that, as is often the case, the decedent's extended family members will have little relevant knowledge given the fact that they resided in a city different[2] than the decedent and simply do not have sufficient knowledge of the decedent's daily habits or physical condition to testify. There is also no suggestion, much less evidence, that any of these individuals would refuse or be unable to come to Miami-Dade County when needed to participate in these proceedings—that is, there is no evidence that being a witness here is at all inconvenient to these individuals.

---

[2] Until the decedent became ill shortly before her death, she resided in Tallahassee in Leon, not Duval, County.

Moreover, the uncontradicted evidence also is that the potential witness with the most knowledge of decedent's smoking history and smoking related illnesses—decedent's surviving spouse—lived in Tallahassee with the decedent until decedent's death and now lives in Georgia. As was the case with the other individuals listed in Mooney's interrogatory response, the tobacco company defendants have made no showing of substantial inconvenience or undue expense as to this most significant witness and Georgia resident in having this case tried in Miami-Dade County.

The same can be said of any treating physician or expert witnesses. As is often the case, the treating physicians may require that their trial testimony be presented by deposition so as not to interfere with their treatment of patients. And no expert witnesses, local or otherwise, have been identified. Thus, whether any witness will be inconvenienced or not cannot, as the trial court noted, be determined until further discovery takes place.[3] R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So. 2d 634, 636 ("While this court might be tempted to look at the complaint and make our own assumptions about what the evidence will be and

---

[3]At the hearing below, it was suggested that this case may come down to a so-called battle of the expert witnesses. To the extent that the experts' convenience ultimately proves to be of minimal importance because they are accustomed to travel and are paid for doing so, this again would be a factor weighing in favor of a finding that the trial court did not abuse its discretion in denying the motion to transfer venue. In that case, the tobacco company defendants would again not have met their burden of demonstrating that Duval County was any more convenient a venue than Miami-Dade County.

how important certain witnesses' testimony will be to the trial of this case, we decline to do so. Indeed, certain listed 'witnesses' may have information relevant only to uncontested matters, and it may be unnecessary for them to attend the trial or have any significant involvement in the litigation."). We therefore cannot conclude that the trial court abused its discretion in denying the tobacco company defendants' motion to transfer given the scant record evidence submitted in support of a transfer. Id. at 635 ("The affidavits in support of R.C.'s motion to transfer venue were little more than a laundry list of witnesses, their places of residence and the conclusory statement that it would be inconvenient for them to travel to Palm Beach County. The affidavits failed to disclose any information as to the necessity, relevance or significance of the evidence to be presented by these witnesses.").

Nor can we agree with any argument that it is incumbent to grant the motion to transfer venue now in order to prevent Mooney from "hav[ing] [her] cake and eat[ing] it too" by asking for more time to determine where witnesses reside while simultaneously arguing that a transfer becomes less fair with the passage of time. To use another popular idiomatic expression, such a claim would put the "cart before the horse" by prematurely ruling on a venue motion in order to prevent Mooney from making some argument that she might make at some point in the future, for the law requires the production of *evidence*, not speculation, before a

7

court may "properly weigh the convenience of all of the key witnesses under section 47.l22" so as to grant a venue transfer. Brown & Williamson Tobacco Corp. v. Young, 690 So. 2d 1377, 1379 (Fla. 1st DCA 1997) ("[I]n order for a court to consider the convenience of the witnesses, the court must know who the witnesses are and the significance of their testimony." (quoting Hu v. Crockett, 426 So. 2d 1275, 1279 (Fla. 1st DCA 1983))).

As to the interests of justice, transfer to Duval County because: (1) "***neither party has shown*** that Duval County would result in a later trial date"; (2) the First District ***may still have*** a case management order in place to handle tobacco litigation; and (3) "[a]ny argument that a transfer of venue to Duval County would unduly prejudice Mooney due to the expediency of the court systems is pure speculation at best," ironically, would result in a reversal not because of any speculation by Mooney or the court below, but would require this court's own unsupported conjecture.

There is no record evidence as to a case management order to handle tobacco litigation in Duval or Miami-Dade Counties, much less the state of the dockets in either county. And to the extent that this is even a valid consideration, this court has previously cautioned that the court's concerns about preserving judicial resources does not, by itself, constitute a valid reason for disturbing the plaintiff's forum choice:

8

The trial court's discretion to transfer under Section 47.122 is not unbridled and must be predicated upon a showing that the parties or witnesses will suffer substantial inconvenience or undue expense due to the chosen forum. Ashland Oil, Inc. v. Florida Dept. of Transp., 352 So. 2d 567 (Fla. 2d DCA 1977). As noted in Ashland, 352 So. 2d at 569: "No decision has come to our attention which approves the convenience of the courts as the sole basis for change of venue that is otherwise properly selected by the plaintiff. We are not inclined, nor do we believe the legislature intended, to extend statutory forum of convenience to such considerations."

A trial court does not have the authority to disturb the plaintiff's choice of proper forum based upon considerations of its own convenience. Ashland, 352 So. 2d at 569. We recognize the trial court's concerns in attempting to control its docket and to preserve judicial resources. However, these concerns do not constitute a valid reason for transfer. A trial court should not be allowed to assume an adversarial role on the issue of convenience.

Burns, 672 So. 2d at 836.

For this reason we also cannot so easily reject Mooney's contention that trying this case in Miami-Dade County would be more expeditious. Absent *evidence* demonstrating that this matter may be more expeditiously heard in Duval County, the **tobacco company defendants' burden** of showing entitlement to a venue transfer was not met. Id. at 835.

We also cannot agree with any conclusion that plaintiffs should not be able to select an attorney or expert witnesses in a county and maintain suit there simply because they see some procedural advantage or because juries in the chosen forum tend to award larger monetary damages. There is nothing improper in choosing a venue because it is the most advantageous venue procedurally, or otherwise, for

9

the law itself recognizes a plaintiff's privilege in initially selecting a venue irrespective of reason. If, therefore, venue is proper in more than one place, a plaintiff has the privilege of selecting which venue is most favorable to it for any reason and that selection will not be disturbed absent *evidence* that the chosen venue is either not proper in the place selected or substantially inconvenient to the witnesses or parties. Id.; see also Barry Cook Ford, Inc. v. Ford Motor Co., 571 So. 2d 61, 61 (Fla. 1st DCA 1990) ("While the primary purpose of venue statutes is to require litigation to be instituted in the forum which will cause the least amount of inconvenience and expense to those parties required to answer and defend the action, it is the prerogative of the plaintiff to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiff's selection will not be disturbed."). We do not believe that defendants, such as those in this case, should be permitted to object to a properly selected forum simply because they see some procedural advantage or the ability to limit a jury award.

There is no question that venue was proper in Miami-Dade County when this action was filed. Now that the only local defendant has been dropped from the case, Mooney wishes to continue her case here, first, because it is no more inconvenient for her to have the case heard here than in Duval County; second, because none of the witnesses whom she has identified as potential witnesses has been proved to be inconvenienced by this decision; third, because the tobacco

10

company defendants do not claim that they are in any manner inconvenienced; and lastly, because the lawyer who is intimately familiar with her case will be substantially inconvenienced—to say nothing of the costs that must be incurred—in travelling back and forth to Duval County to try this case. While we agree that the location of the lawyer's office is generally not relevant to this inquiry, the unique circumstances of this case present an instance where it cannot be said that the trial court abused its discretion in concluding that the interests of justice would better be served if the case were to stay in Miami-Dade County.

For these reasons, we find no abuse of discretion in the trial court's decision to deny the motion to transfer venue and affirm.

EMAS, J., concurs.

ROTHENBERG, J. (dissenting).

This appeal comes to us upon the trial court's denial of a motion to transfer venue filed jointly by R.J. Reynolds Tobacco Company, Philip Morris USA Inc., and Lorillard Tobacco Company (collectively, "the defendants"). Because this case has absolutely no connection to Miami-Dade County, the trial court abused its discretion in denying the motion. Accordingly, I would reverse the trial court's denial of the defendant's motion to transfer venue to Duvall County, and I respectfully issue this dissent.

## BACKGROUND

This is an Engle-progeny[4] case in which the plaintiff–appellee, Lesia Mooney ("Mooney"), seeks monetary damages for the wrongful death of her mother, Barbara Meacham ("the decedent"), allegedly caused by smoking-related injuries resulting from the use of the defendants' products. Mooney initially filed

---

[4] In Engle v. Liggett Group, Inc., 945 So. 2d 1246 (Fla. 2006), the Florida Supreme Court decertified a nationwide class of plaintiffs alleging smoking-related injuries, but held that a smaller class of Florida plaintiffs could file individual actions and rely on the findings of fact common to the class members' claims that were determined by the jury in Engle. The common findings of fact included that the defendant tobacco companies are guilty as co-conspirators for the fraudulent concealment of material information concerning the health effects or addictive nature of cigarettes.

her wrongful death action against the defendants, as well as Vector Group, Ltd. ("Vector"), as part of a consolidated complaint with fifteen joint plaintiffs in 2008. The case was initially filed in The Eleventh Judicial Circuit for Miami-Dade County ("Miami-Dade Court") because Vector maintains its headquarters in Miami-Dade County. The parties all mutually agreed to delay the case for two years, and then the parties began conducting discovery after the case was reactivated in 2010. In December 2011, Mooney severed her action from the joint complaint and filed an individual complaint against the defendants, dropping Vector from the complaint. None of the remaining defendants are headquartered in Miami-Dade County. The defendants took Mooney's deposition and, shortly thereafter, in December 2012, filed a motion to transfer venue pursuant to section 47.122, Florida Statutes (2012).

The defendants established the following facts in support of their motion to transfer: Mooney currently resides in Duval County; the decedent resided in Duval County for twenty years and has never resided in Miami-Dade County; the decedent was diagnosed with, treated for, and died of lung cancer in Duval County; the decedent's treating physicians reside in Duval County; the decedent's husband, who Mooney has admitted will "undoubtedly testify at trial," resided in Duval County until the decedent's death and currently resides in Georgia; all but one of the decedent's family members reside in Duval County; and Mooney

13

identified only three witnesses in her response to defendants' interrogatories that may have personal knowledge of the facts surrounding the decedent's death, all of which reside in Duval County. There are no current or potential witnesses listed by either side who live in Miami-Dade County. Mooney's only proffered connection to Miami-Dade County is her attorney, who resides and practices in Miami-Dade County.

Mooney argued below that a plaintiff's choice of forum is given a strong presumption of correctness, a transfer of venue ruling would be premature because the parties do not know which witnesses will testify or where the expert witnesses reside, and the case has been pending for too long and will be more expeditiously resolved in Miami-Dade. The trial court denied the defendants' transfer of venue motion based largely on deference to the plaintiff's selection of forum and the premature nature of discovery.[5] This appeal followed.

## DISCUSSION

A trial court's ruling on a motion for transfer of venue is reviewed for an abuse of discretion, <u>Burger King Corp. v. Koeppel</u>, 564 So. 2d 209, 210 (Fla. 3d DCA 1990), but "the discretion of the [trial] court is not unbridled and must be predicated upon a proper showing of convenience or interest of justice." <u>Taylor v.</u>

---

[5] At the hearing, the trial court stated, "I do think a person gets to choose and even though Mrs. Mooney said yes, it's probably more convenient in Duval County, she'd like to stay where the case was filed and based upon what I have before me, based [upon] the motion, I'm going to deny the motion for transfer [of] venue."

Dasilva, 401 So. 2d 1161, 1163 (Fla. 3d DCA 1981).  Section 47.122 provides: "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."  Section 47.122 itself, as well as our case law interpreting the statute, espouses three distinct factors to consider when determining whether a transfer of venue is proper:  (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice.  A trial court may transfer venue if any of these three factors weigh in favor of the alternate forum.  See § 47.122 (using the word "or" to refer to the three factors in the disjunctive).  In this case, all three factors weigh in favor of transferring venue to Duval County.  Thus, the trial court abused its discretion by denying the motion to transfer.

## I.     The convenience of the parties

A plaintiff's choice of venue is given a presumption of correctness, but it is not a "paramount consideration" that cannot be overcome.  Hu v. Crockett, 426 So. 2d 1275, 1278 (Fla. 1st DCA 1983).  The circumstances surrounding a plaintiff's choice of forum are relevant to the level of deference afforded:

> The propriety of the plaintiff's choice of forum is further bolstered in cases . . . wherein the plaintiff seeks to litigate a suit in his home community.  Similarly, if the evidence suggests that a plaintiff has without good reason purposefully avoided litigating a suit on his "home turf," the weight accorded his forum selection is weakened.

Id. at 1279 (citation omitted). Furthermore, transfer of venue can be ordered based on convenience to a plaintiff even if that plaintiff opposes transfer. See Burger King, 564 So. 2d at 210 (reversing the trial court's denial of a motion to transfer venue when a different venue was more convenient to the witnesses and the plaintiff, who opposed the motion).

The facts in this case illustrate precisely the reason a plaintiff's forum choice should not ultimately control. Mooney and nearly all of her family are Duval County residents. The decedent lived in Duval County for over twenty years, was diagnosed in Duval County, and was treated in Duval County until her death in 1993. In fact, Mooney **admitted** at her deposition that **Duval County would be a more convenient venue for the litigation**. Mooney's only explanation for why she prefers Miami-Dade County to Duval County is the speculative notion that a trial in Miami-Dade would be more expeditious, which has never been established, and the convenience to her attorney.

In a series of deposition questions regarding the propriety of Miami-Dade as a venue, Mooney responded:

> Q: Okay. Now is there a reason that you're aware of outside of speaking with your attorneys as to why this lawsuit was filed in Miami-Dade County?
> A: Not to my knowledge, no.
> . . . .
> Q: Okay. Is there a reason why you did not file this lawsuit in Jacksonville [Duval County]?
> A: Not any particular reason, no, not that I know of.

16

. . . .

**Q: Would it be more convenient for you if this case were filed in [Duval County] where you attended jury duty?**
A: **Obviously, yes.** However, I don't want—I mean, it has started here, so I would prefer that it continue.
Q: And why is that?
A: Just because I feel like it might be more expeditious.
Q: Do you know if that's actually the case?
A: No, I don't know. That is just my assumption. . . .

(emphasis added). Mooney's testimony underscores the notion that a plaintiff's choice of venue should be afforded less deference when that plaintiff seeks to litigate away from her "home turf" for an unexplained reason. It is clear from the record, and Mooney admits, that Duval County would be a more convenient place to litigate this matter.

There is no dispute that venue was proper in Miami-Dade County when the consolidated multi-plaintiff lawsuit was filed. There is also no dispute that, because venue was proper when the consolidated lawsuit was filed, by severing her lawsuit from the consolidated lawsuit, the propriety of the prior venue determination remains undisturbed. Thus, there is no **requirement** that venue be transferred in this case despite the fact there is absolutely no connection to Miami-Dade County. However, the fact that venue **may** be exercised in Miami-Dade County does not answer the question of whether transfer to Duval County **should** have been granted. This severed lawsuit has absolutely no connection to Miami-Dade County. As already noted, the deceased never resided in Miami-Dade

17

County, Mooney does not reside in Dade County, and none of the witnesses or defendants are located in Miami-Dade County. Although Vector, one of the original defendants, had a connection to Miami-Dade County, Vector was omitted as a defendant when Mooney severed her action from the consolidated multi-plaintiff case and filed the current complaint. Under these circumstances, the trial court should have examined only the most recently amended complaint, including added or dropped parties, when it determined the convenience of the parties. See Tompkins v. Acadia Partners, L.P., 702 So. 2d 1340, 1341 (Fla. 5th DCA 1997) (finding that the trial court should have "consider[ed] the most current complaint in order to determine whether such complaint could have been filed in a particular county when the original action was filed.").

In this case, none of the parties remaining in this suit has **any** connection whatsoever to Miami-Dade County. The only justification for proper venue when the suit was initiated was the fact that one of the original defendants, Vector, had a home office in Miami. Vector, however, has long since been dropped from this suit. When considering the complaint in its current iteration, it is unlikely that venue in Miami-Dade County would have even been permissible. See §§ 47.011, 47.021, 47.051, Fla. Stat. (2012) (combining to prescribe where venue is proper at the time of filing). Based on these considerations, one can hardly conclude that Miami-Dade County is the proper venue for the convenience of the parties. As

such, the convenience of the parties weighs in favor of transfer.

**II.    The convenience of the witnesses**

"The convenience of the witnesses is probably the single most important consideration of the three statutory factors."  Hu, 426 So. 2d at 1279.  In determining the ultimate convenience to the witnesses, the trial court should consider the number of witnesses who will testify as well as the relative significance of each witness's testimony.  See Ford Motor Co. v. James, 33 So. 3d 91, 93 (Fla. 4th DCA 2010); Hu, 426 So. 2d at 1279.  Where witnesses have been identified in two potential forums, the trial court has great discretion in determining that one is more convenient than the other, but when the chosen forum contains no discernible witnesses, that discretion is substantially limited.  Compare Hu, 426 So. 2d at 1279-81 (finding that the trial court did not abuse its discretion when witnesses resided in various potential forums) with Hall v. R.J. Reynolds Tobacco Co., 118 So. 3d 847, 848 (Fla. 3d DCA 2013) and Brown & Williamson Tobacco Corp. v. Widdick, 717 So. 2d 572, 573-74 (Fla. 1st DCA 1998) (both finding that venue was improper in a forum where no witnesses reside).

In this case, the fact witnesses identified by the parties all reside in or near Duval County or in Georgia.  Mooney and all of the decedent's family members, except the decedent's husband, who lives in Georgia, reside in the Duval County

area and could more conveniently respond to discovery requests and appear and/or testify at trial in a Duval County court. Furthermore, all of the decedent's treating physicians reside in either Duval County or the Tallahassee area—none reside or practice in Miami-Dade County. It is clear from this record that the convenience of the witnesses weighs in favor of a transfer to Duval County.

Mooney argues that ordering a transfer to Duval County would be premature because the parties have not yet identified all witnesses who will testify, including expert witnesses. This argument is unavailing for several reasons. First, convenience to expert witnesses is of minimal importance. See Pep Boys v. Montilla, 62 So. 3d 1162, 1166 (Fla. 4th DCA 2011) (disagreeing "that the convenience of the expert witnesses is of utmost importance" because "[i]t goes without saying that most expert witnesses travel for their work and are paid for doing so"); see also Mankowitz v. Staub, 553 So. 2d 1299, 1300 (Fla. 3d DCA 1989) ("The fact that certain expert witnesses and treating physicians reside in Dade County is not sufficient to defeat Monroe County venue."); but see Brown & Williamson Tobacco Corp. v. Young, 690 So. 2d 1377, 1379-80 (Fla. 1st DCA 1997) (finding that expert witnesses were critical in tobacco cases).

While Mooney contends that the significance of the identified family members' and treating physicians' testimony is unknown, plaintiffs in tobacco cases almost always rely on such witnesses to testify about the nature of the

20

injuries and the appropriate damages. Additionally, Mooney has never contended that there is even a possibility that further discovery will reveal a fact witness in Miami-Dade County. Finally, while we recognize that in many situations the trial court should wait until discovery has yielded a more extensive inventory of testifying witnesses, see Hu, 426 So. 2d at 1279-80 ("In order for a court to consider the convenience of the witnesses, the court must know who the witnesses are and the significance of their testimony."), allowing Mooney to postpone the transfer of venue in this case would only result in the further passage of time and result in a greater likelihood that a subsequent motion to transfer venue would be denied simply due to an impending trial date.

Mooney argued persuasively at the hearing on the motion to transfer venue that the case has been languishing too long and that a transfer would be inappropriate because she would again have to wait in Duval County for an open docket spot. At the same time, she argued that the parties need more time to determine which witnesses will testify and how relevant their testimony will be. Allowing the case to stay in Miami-Dade County until more discovery has taken place will necessarily strengthen the plaintiff's argument that the case should remain in Miami-Dade County for expediency reasons. We cannot permit a litigant to "have their cake and eat it too" by asking for more time to determine where the witnesses reside while simultaneously arguing that a transfer becomes

21

less fair with the passage of time. Where it is clear that further discovery will yield no fact witnesses in the chosen forum, the trial court should not delay its ruling on a motion to transfer.

## III.    The interest of justice

The final statutory factor is the catch-all provision advising courts to weigh the interest of justice. This factor is susceptible to many considerations, but ultimately hinges on the overall fairness of the chosen and alternative forums considering the totality of the litigation. See Pep Boys, 62 So. 3d at 1165 ("The third factor, that of the interest of justice, is a catch-all consideration including many considerations, and in some close cases this factor may be determinative." (quoting Hu, 426 So. 2d at 1280)). The interest of justice clearly weighs in favor of transferring this case to Duval County. It is readily apparent when viewing this case in total that it is not a Miami-Dade County case. All discernible connections are to Duval County, and the **only** connection to Miami-Dade County is Mooney's attorney.

In Westchester Fire Insurance Co. v. Fireman's Fund Insurance Co., 673 So. 2d 958, 959 (Fla. 3d DCA 1996), this Court stated in no uncertain terms:

> Our district should not be a forum for cases that have little or no connection to Dade and Monroe counties. Therefore, **it is the stated policy of our Court to literally apply the doctrine of forum non-conveniens where there is little else other than the plaintiff's choice of venue and where witnesses reside in other more suitable venues**.

(emphasis added). Applying the Westchester policy in Hall v. R.J. Reynolds, 118 So. 3d at 848 n.3, this Court found that the trial court had properly granted the defendant tobacco companies' motion for transfer under nearly identical circumstances by directly holding that the plaintiff's attorney's location is not a relevant connection to the forum. Similarly, the First District has held that the trial court **abused its discretion** in failing to grant the appellant tobacco company's motion to transfer on incredibly similar facts when the only reason to keep the case in the chosen forum was the plaintiff's initial filing decision and the location of the plaintiff's attorney. Widdick, 717 So. 2d at 573-74.

Mooney also argues that trial in Miami-Dade County would be more expeditious, and it must remain here because it would be unfair for her case to continue languishing on the trial docket. First, while Mooney has many times argued that the case has been pending for five years, the procedural posture and the mutual decision to pause litigation illuminates that the case has actually been active for just over a year. Further, the defendants in this case have done nothing to prolong litigation and, in fact, filed their transfer motion shortly after deposing Mooney. Perhaps more importantly, neither party has shown that Duval County would result in a later trial date. To the contrary, in Young, the First District explicitly found, albeit in a fifteen-year-old decision, that Duval County has a case management order in place to efficiently handle tobacco litigation. Any argument

that a transfer of venue to Duval County would unduly prejudice Mooney due to the expediency of the court systems is pure speculation at best.

Finally, the interest of justice dictates that this case be transferred to Duval County because plaintiffs should not be able to select an attorney or expert witnesses in a county and maintain suit there simply because they envision some procedural advantage or because juries in the chosen forum tend to award larger monetary damages awards. Plaintiffs cannot defeat transfer to a more convenient forum by their own deliberate actions. Resolution Trust Corp. v. Diaz, 578 So. 2d 40, 41 (Fla. 4th DCA 1991) (per curiam) ("The power to defeat a transfer to a convenient forum should derive from rights and privileges conferred by law, not from the deliberate conduct of a party favoring trial in an inconvenient forum."). Such proscribed deliberate actions include hiring an attorney or expert witnesses in a specific forum to which the plaintiff has no other relevant connection to bolster the convenience of litigating in that forum. Allowing a party to maintain suit based on the location of his or her attorney and expert witnesses, especially when **all** identified connections are to another forum, would simply open the doors of the Miami-Dade County courts to cases with no connection to the area. I would decline to do so.

## CONCLUSION

The cause of action before us has no connection to Miami-Dade County.

The plaintiff is from Duval County; all listed witnesses are from Duval County or Georgia; the plaintiff has admitted that Duval County would be a more convenient forum; there is no evidence that the plaintiff will be prejudiced by transferring the case to Duval County; and none of the remaining defendants have a particular connection with Miami-Dade County. Simply put, this is not a Miami-Dade County case. Rather, to quote one of our recent decisions, Mooney's case "is a[] [Duval] County case which belongs in [Duval] County." Hall, 118 So. 3d at 848. Allowing the cause of action to remain in Miami-Dade County by denying a proper motion for transfer of venue, as the trial court did, simply opens the Miami-Dade County venue for a flood of tobacco litigation with no connections to the area.

Allowing discovery to continue and postponing the ruling on the transfer of venue motion is similarly problematic in this case because Mooney has essentially conceded that further discovery will not yield any fact witnesses or evidence in Miami-Dade County. If we endorse Mooney's position, plaintiffs could simply delay the transfer of an unrelated case until they have gotten so close to the trial date that a transfer would be impractical. Miami-Dade cases should remain in Miami-Dade. Duval County cases, however, should be tried in the Duval County courts. This case has no connection whatsoever to Miami-Dade County, and the trial court abused its discretion in denying the defendants' motion to transfer.