ROTHENBERG, J.
(dissenting).
This appeal comes to us upon the trial court’s denial of a motion to transfer venue filed jointly by R.J. Reynolds Tobacco Company, Philip Morris USA Inc., and Lorillard Tobacco Company (collectively, “the defendants”). Because this case has absolutely no connection to Miami-Dade County, the trial court abused its discretion in denying the motion. Accordingly, I would reverse the trial court’s denial of the defendant’s motion to transfer venue to Duvall County, and I respectfully issue this dissent.

BACKGROUND

This is an Engle-progeny[4] case in which the plaintiff — appellee, Lesia Mooney (“Mooney”), seeks monetary damages for the wrongful death of her mother, Barbara Meacham (“the decedent”), allegedly caused by smoking-related injuries resulting from the use of the defendants’ products. Mooney initially filed her wrongful death action against the defendants, as well as Vector Group, Ltd. (“Vector”), as part of a consolidated complaint with fifteen joint plaintiffs in 2008. The case was initially filed in The Eleventh Judicial Circuit for Miami-Dade County (“Miami-Dade Court”) because Vector maintains its headquarters in Miami-Dade County. The parties all mutually agreed to delay the case for two years, and then the parties began conducting discovery after the case was reactivated in 2010. In December 2011, Mooney severed her action from the joint complaint and filed an individual complaint against the defendants, dropping Vector from the complaint. None of the remaining defendants are headquartered in Miami-Dade County. The defendants took Mooney’s deposition and, shortly thereafter, in December 2012, filed a motion to transfer venue pursuant to section 47.122, Florida Statutes (2012).
The defendants established the following facts in support of their motion to transfer: Mooney currently resides in Duval County; the decedent resided in Duval County for twenty years and has never resided in Miami-Dade County; the decedent was diagnosed with, treated for, and died of lung cancer in Duval County; the decedent’s treating physicians reside in Duval County; the decedent’s husband, who Mooney has admitted will “undoubtedly testify at trial,” resided in Duval County until the decedent’s death and currently resides in Georgia; all but one of the decedent’s family members reside in Duval County; and Mooney identified only three witnesses in her response to defendants’ interrogatories that may have personal knowledge of the facts surrounding the decedent’s death, all of which reside in Duval County. There are no current or potential witnesses listed by either side who live in Miami-Dade County. Mooney’s only proffered connection to Miami-Dade County is her attorney, who resides and practices in Miami-Dade County.
*48 Mooney argued below that a plaintiffs choice of forum is given a strong presumption of correctness, a transfer of venue ruling would be premature because the parties do not know which witnesses will testify or where the expert witnesses reside, and the case has been pending for too long and will be more expeditiously resolved in Miami-Dade. The trial court denied the defendants’ transfer of venue motion based largely on deference to the plaintiffs selection of forum and the premature nature of discovery.[5] This appeal followed.

DISCUSSION

A trial court’s ruling on a motion for transfer of venue is reviewed for an abuse of discretion, Burger King Corp. v. Koeppel 564 So.2d 209, 210 (Fla. 3d DCA 1990), but “the discretion of the [trial] court is not unbridled and must be predicated upon a proper showing of convenience or interest of justice.” Taylor v. Dasilva, 401 So.2d 1161,1163 (Fla. 3d DCA 1981). Section 47.122 provides: “For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.” Section 47.122 itself, as well as our case law interpreting the statute, espouses three distinct factors to consider when determining whether a transfer of venue is proper: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. A trial court may transfer venue if any of these three factors weigh in favor of the alternate forum. See § 47.122 (using the word “or” to refer to the three factors in the disjunctive). In this case, all three factors weigh in favor of transferring venue to Duval County. Thus, the trial court abused its discretion by denying the motion to transfer.
I. The convenience of the parties
A plaintiffs choice of venue is given a presumption of correctness, but it is not a “paramount consideration” that cannot be overcome. Hu v. Crockett, 426 So.2d 1275, 1278 (Fla. 1st DCA 1983). The circumstances surrounding a plaintiffs choice of forum are relevant to the level of deference afforded:
The propriety of the plaintiffs choice of forum is further bolstered in cases ... wherein the plaintiff seeks to litigate a suit in his home community. Similarly, if the evidence suggests that a plaintiff has without good reason purposefully avoided litigating a suit on his “home turf,” the weight accorded his forum selection is weakened.
Id. at 1279 (citation omitted). Furthermore, transfer of venue can be ordered based on convenience to a plaintiff even if that plaintiff opposes transfer. See Burger King, 564 So.2d at 210 (reversing the trial court’s denial of a motion to transfer venue when a different venue was more convenient to the witnesses and the plaintiff, who opposed the motion).
The facts in this case illustrate precisely the reason a plaintiffs forum choice should not ultimately control. Mooney and nearly all of her family are Duval County residents. The decedent lived in Duval County for over twenty years, was diagnosed in Duval County, and was treated in Duval County until her death in 1993. In fact, Mooney admitted at her deposition that Duval County would be a more conve *49 nient venue for the litigation. Mooney’s only explanation for why she prefers Miami-Dade County to Duval County is the speculative notion that a trial in Miami-Dade would be more expeditious, which has never been established, and the convenience to her attorney.
In a series of deposition questions regarding the propriety of Miami-Dade as a venue, Mooney responded:
Q: Okay. Now is there a reason that you’re aware of outside of speaking with your attorneys as to why this lawsuit was filed in Miami-Dade County?
A: Not to my knowledge, no.
[[Image here]]
Q: Okay. Is there a reason why you did not file this lawsuit in Jacksonville [Duval County]?
A: Not any particular reason, no, not that I know of.
[[Image here]]
Q: Would it be more convenient for you if this case were filed in [Duval County] where you attended jury duty?
A: Obviously, yes. However, I don’t want — I mean, it has started here, so I would prefer that it continue.
Q: And why is that?
A: Just because I feel like it might be more expeditious.
Q: Do you know if that’s actually the case?
A: No, I don’t know. That is just my assumption....
(emphasis added). Mooney’s testimony underscores the notion that a plaintiffs choice of venue should be afforded less deference when that plaintiff seeks to litigate away from her “home turf’ for an unexplained reason. It is clear from the record, and Mooney admits, that Duval County would be a more convenient place to litigate this matter.
There is no dispute that venue was proper in Miami-Dade County when the consolidated multi-plaintiff lawsuit was filed. There is also no dispute that, because venue was proper when the consolidated lawsuit was filed, by severing her lawsuit from the consolidated lawsuit, the propriety of the prior venue determination remains undisturbed. Thus, there is no requirement that venue be transferred in this case despite the fact there is absolutely no connection to Miami-Dade County. However, the fact that venue may be exercised in Miami-Dade County does not answer the question of whether transfer to Duval County should have been granted. This severed lawsuit has absolutely no connection to Miami-Dade County. As already noted, the deceased never resided in Miami-Dade County, Mooney does not reside in Dade County, and none of the witnesses or defendants are located in Miami-Dade County. Although Vector, one of the original defendants, had a connection to Miami-Dade County, Vector was omitted as a defendant when Mooney severed her action from the consolidated multi-plaintiff case and filed the current complaint. Under these circumstances, the trial court should have examined only the most recently amended complaint, including added or dropped parties, when it determined the convenience of the parties. See Tompkins v. Acadia Partners, L.P., 702 So.2d 1340, 1341 (Fla. 5th DCA 1997) (finding that the trial court should have “considered] the most current complaint in order to determine whether such complaint could have been filed in a particular county when the original action was filed.”).
In this case, none of the parties remaining in this suit has any connection whatsoever to Miami-Dade County. The only justification for proper venue when the suit was initiated was the fact that one of the original defendants, Vector, had a *50 home office in Miami. Vector, however, has long since been dropped from this suit. When considering the complaint in its current iteration, it is unlikely that venue in Miami-Dade County would have even been permissible. See §§ 47.011, 47.021, 47.051, Fla. Stat. (2012) (combining to prescribe where venue is proper at the time of filing). Based on these considerations, one can hardly conclude that Miami-Dade County is the proper venue for the convenience of the parties. As such, the convenience of the parties weighs in favor of transfer.
II. The convenience of the witnesses
“The convenience of the witnesses is probably the single most important consideration of the three statutory factord.” Hu, 426 So.2d at 1279. In determining the ultimate convenience to the witnesses, the trial court should consider the number of' witnesses who will testify as well as the relative significance of each witness’s testimony. See Ford Motor Co. v. James, 33 So.3d 91, 93 (Fla. 4th DCA 2010); Hu, 426 So.2d at 1279. Where witnesses have been identified in two potential forums, the trial court has great discretion in determining that one is more convenient than the other, but when the chosen forum contains no discernible witnesses, that discretion is substantially limited. Compare Hu, 426 So.2d at 1279-81 (finding that the trial court did not abuse its discretion when witnesses resided in various potential forums) with Hall v. R.J. Reynolds Tobacco Co., 118 So.3d 847, 848 (Fla. 3d DCA 2013) and Brown & Williamson Tobacco Corp. v. Widdick, 717 So.2d 572, 573-74 (Fla. 1st DCA 1998) (both finding that venue was improper in a forum where no witnesses reside).
In this case, the fact witnesses identified by the parties all reside in or near Duval County or in Georgia. Mooney and all of the decedent’s family members, except the decedent’s husband, who lives in Georgia, reside in the Duval County area and could more conveniently respond to discovery requests and appear and/or testify at trial in a Duval County court. Furthermore, all of the decedent’s treating physicians reside in either Duval County or the Tallahassee area — none reside or practice in Miami-Dade County. It is clear from this record that the convenience of the witnesses weighs in favor of a transfer to Duval County.
Mooney argues that ordering a transfer to Duval County would be premature because the parties have not yet identified all witnesses who will testify, including expert witnesses. This argument is unavailing for several reasons. First, convenience to expert witnesses is of minimal importance. See Pep Boys v. Montilla, 62 So.3d 1162, 1166 (Fla. 4th DCA 2011) (disagreeing “that the convenience of the expert witnesses is of utmost importance” because “[i]t goes without saying that most expert witnesses travel for their work and are paid for doing so”); see also Mankowitz v. Staub, 553 So.2d 1299, 1300 (Fla. 3d DCA 1989) (“The fact that certain expert witnesses and treating physicians reside in Dade County is not sufficient to defeat Monroe County venue.”); but see Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377, 1379-80 (Fla. 1st DCA 1997) (finding that expert witnesses were critical in tobacco cases).
While Mooney contends that the significance of the identified family members’ and treating physicians’ testimony is unknown, plaintiffs in tobacco cases almost always rely on such witnesses to testify about the nature of the injuries and the appropriate damages. Additionally, Mooney has never contended that there is even a possibility that further discovery will reveal a fact witness in Miami-Dade Coun *51 ty. Finally, while we recognize that in many situations the trial court should wait until discovery has yielded a more extensive inventory of testifying witnesses, see Hu, 426 So.2d at 1279-80 (“In order for a court to consider the convenience of the witnesses, the court must know who the witnesses are and the significance of their testimony”), allowing Mooney to postpone the transfer of venue in this case would only result in the further passage of time and result in a greater likelihood that a subsequent motion to transfer venue would be denied simply due to an impending trial date.
Mooney argued persuasively at the hearing on the motion to transfer venue that the case has been languishing too long and that a transfer would be inappropriate because she would again have to wait in Duval County for an open docket spot. At the same time, she argued that the parties need more time to determine which witnesses will testify and how relevant their testimony will be. Allowing the case to stay in Miami-Dade County until moré discovery has taken place will necessarily strengthen the plaintiffs argument that the case should remain in Miami-Dade County for expediency reasons. We cannot permit a litigant to “have their cake and eat it too” by asking for more time to determine where the witnesses reside while simultaneously arguing that a transfer becomes less fair with the passage of time. Where it is clear that further discovery will yield no fact witnesses in the chosen forum, the trial court should not delay its ruling on a motion to transfer.
III. The interest of justice
The final statutory factor is the catch-all provision advising courts to weigh the interest of justice. This factor is susceptible to many considerations, but ultimately hinges on the overall fairness of the chosen and alternative forums considering the totality of the litigation. See Pep Boys, 62 So.3d at 1165 (“The third factor, that of the interest of justice, is a catch-all consideration including many considerations, and in some close cases this factor may be determinative.” (quoting Hu, 426 So.2d at 1280)). The interest of justice clearly weighs in favor of transferring this case to Duval County. It is readily apparent when viewing this case in total that it is not a Miami-Dade County case. All discernible connections are to Duval County, and the only connection to Miami-Dade County is Mooney’s attorney.
In Westchester Fire Insurance Co. v. Fireman’s Fund Insurance Co., 673 So.2d 958, 959 (Fla. 3d DCA 1996), this Court stated in no uncertain terms:
Our district should not be a forum for cases that have little or no connection to Dade and Monroe counties. Therefore, it is the stated policy of our Court to literally apply the doctrine of forum non-conveniens where there is little else other than the plaintiffs choice of venue and where witnesses reside in other more suitable venues,
(emphasis added). Applying the Westchester policy in Hall v. R.J. Reynolds, 118 So.3d at 848 n. 3, this Court found that the trial court had properly granted the defendant tobacco companies’ motion for transfer under nearly identical circumstances by directly holding that the plaintiffs attorney’s location is not a relevant connection to the forum. Similarly, the First District has held that the trial court abused its discretion in failing to grant the appellant tobacco company’s motion to transfer on incredibly similar facts when the only reason to keep the case in the chosen forum was the plaintiffs initial filing decision and the location of the plaintiffs attorney. Widdick, 717 So.2d at 573-74.
*52 Mooney also argues that trial in Miami-Dade County would be more expeditious, and it must remain here because it would be unfair for her case to continue languishing on the trial docket. First, while Mooney has many times argued that the case has been pending for five years, the procedural posture and the mutual decision to pause litigation illuminates that the case has actually been active for just over a year. Further, the defendants in this case have done nothing to prolong litigation and, in fact, filed their transfer motion shortly after deposing Mooney. Perhaps more importantly, neither party has shown that Duval County would result in a later trial date. To the contrary, in Young, the First District explicitly found, albeit in a fifteen-year-old decision, that Duval County has a case management order in place to efficiently handle tobacco litigation. Any argument that a transfer of venue to Duval County would unduly prejudice Mooney due to the expediency of the court systems is pure speculation at best.
Finally, the interest of justice dictates that this case be transferred to Duval County because plaintiffs should not be able to select an attorney or expert witnesses in a county and maintain suit there simply because they envision some procedural advantage or because juries in the chosen forum tend to award larger monetary damages awards. Plaintiffs cannot defeat transfer to a more convenient forum by their own deliberate actions. Resolution Trust Corp. v. Diaz, 578 So.2d 40, 41 (Fla. 4th DCA 1991) (per curiam) (“The power to defeat a transfer to a convenient forum should derive from rights and privileges conferred by law, not from the deliberate conduct of a party favoring trial in an inconvenient forum.”). Such proscribed deliberate actions include hiring an attorney or expert witnesses in a specific forum to which the plaintiff has no other relevant connection to bolster the convenience of litigating in that forum. Allowing a party to maintain suit based on the location of his or her attorney and expert witnesses, especially when all identified connections are to another forum, would simply open the doors of the Miami-Dade County courts to cases with no connection to the area. I would decline to do so.

CONCLUSION

The cause of action before us has no connection to Miami-Dade County. The plaintiff is from Duval County; all listed witnesses are from Duval County or Georgia; the plaintiff has admitted that Duval County would be a more convenient forum; there is no evidence that the plaintiff will be prejudiced by transferring the case to Duval County; and none of the remaining defendants have a particular connection with Miami-Dade County. Simply put, this is not a Miami-Dade County case. Rather, to quote one of our recent decisions, Mooney’s case “is a[ ] [Duval] County case which belongs in [Duval] County.” Hall, 118 So.3d at 848. Allowing the cause of action to remain in Miami-Dade County by denying a proper motion for transfer of venue, as the trial court did, simply opens the Miami-Dade County venue for a flood of tobacco litigation with no connections to the area.
Allowing discovery to continue and postponing the ruling on the transfer of venue motion is similarly problematic in this case because Mooney has essentially conceded that further discovery will not yield any fact witnesses or evidence in Miami-Dade County. If we endorse Mooney’s position, plaintiffs could simply delay the transfer of an unrelated case until they have gotten so close to the trial date that a transfer would be impractical. Miami-Dade cases should remain in Miami-Dade. Duval County cases, however, should be tried in the Du-val County courts. This case has no con *53 nection whatsoever to Miami-Dade County, and the trial court abused its discretion in denying the defendants’ motion to transfer.

. In Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006), the Florida Supreme Court decertified a nationwide class of plaintiffs alleging smoking-related injuries, but held that a smaller class of Florida plaintiffs could file individual actions and rely on the findings of fact common to the class members’ claims that were determined by the jury in Engle. The common findings of fact included that the defendant tobacco companies are guilty as co-conspirators for the fraudulent concealment of material information concerning the health effects or addictive nature of cigarettes.

. At the hearing, the trial court stated, “I do think a person gets to choose and even though Mrs. Mooney said yes, it’s probably more convenient in Duval County, she'd like to stay where the case was filed and based upon what I have before me, based [upon] the motion, I'm going to deny the motion for transfer [of] venue.”